THE PEOPLE *ex rel.* Arthur A. Correll, County Treasurer, Appellee, *vs.* THE ILLINOIS AND INDIANA RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1907.*

1. TAXES—*specifying county tax, in the levy, as being for "general fund" is not sufficient.* The purpose of section 121 of the Revenue act, providing that a county tax levy for several purposes shall specify the amount for each purpose separately, is to furnish definite information to the tax-payer as to what taxes are being levied and collected, and such section is not complied with by a levy for the "general fund."

2. SAME—*when a levy of town tax is invalid for indefiniteness.* A levy of town taxes "for the payment of contingent expenses incurred for the use and benefit of the town" is not such a designation of the purpose of the tax as will enable the tax-payer to determine whether the purpose is legal or illegal, and is, as to such item, invalid.

APPEAL from the County Court of Crawford county; the Hon. J. C. MAXWELL, Judge, presiding.

This is an appeal from a judgment of the county court of Crawford county in favor of appellee, against the lands of the Illinois and Indiana Railroad Company in Crawford county, for certain taxes alleged to be delinquent for the year 1906.

Objections were filed by the appellant to the application for judgment. The first objection was to a portion of the county tax, amounting to $101.46, which was extended against the property of appellant by reason of an item contained in the levy made by the board of supervisors of $5000 for the "general fund." The second objection was to $29.06 of the town tax of Robinson. The certificate of the town clerk of that township shows that a levy of $650 was made "for. payment of contingent expenses incurred for the use and benefit of the town." The town tax objected to was that extended against appellant's property by virtue of this item. Upon a hearing these objections were overruled and judgment was rendered against the lands of appellant for the two amounts, with interest, penalties and costs.

It is contended by appellant that the court erred in holding that the purposes for which these taxes were levied were sufficiently designated by the taxing bodies and in rendering judgment against the property.

JOHN G. DRENNAN, and PARKER & CROWLEY, for appellant.

W. H. STEAD, Attorney General, and WILLIAM A. THOMPSON, State's Attorney, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The county tax objected to was levied for the "general fund." Section 121 of chapter 120, Hurd's Revised Statutes, provides that when, as in this instance, the county board levies a tax for several purposes the amount for each

purpose shall be stated separately.  "This requirement gives the tax-payer an opportunity to know for what purpose taxes are being levied and collected, and gives him an opportunity, if necessary, to prevent unjust levy and assessment.  Taxes raised for county purposes include many different things, and these various amounts and purposes can be ascertained by the county board the same as they are ascertained by other taxing bodies."  (*Chicago, Burlington and Quincy Railroad Co.* v. *People,* 213 Ill. 458; *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 224 id. 523; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 213 id. 197.)  To specify a tax as being for the "general fund" does not enable the tax-payer to ascertain for what purpose the tax is being levied and collected, and gives the taxing body an opportunity to impose a tax which may later be expended for an illegal purpose.

The town tax of the town of Robinson objected to was levied "for payment of contingent expenses incurred for the use and benefit of the town."  As has been stated in reference to the county tax, this was not such a designation of the purpose for which the tax was levied as would enable the tax-payer to determine whether that purpose was legal or illegal, and for this reason the levy of the town tax was, as to that item, invalid.  *People* v. *Chicago and Alton Railroad Co.* 194 Ill. 51; *Cincinnati, Indianapolis and Western Railway Co.* v. *People, supra.*

The judgment of the county court will be reversed and the cause will be remanded to that court, with directions to enter an order sustaining the objections and refusing judgment for the sale of the property of appellant.

*Reversed and remanded, with directions.*