THE PEOPLE *ex rel.* John E. George, County Treasurer, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed December 15, 1908.*

1. TAXES—*object of statute requiring purposes of county tax to be stated separately.* The object of section 121 of the Revenue act, requiring the several purposes of a county tax to be stated separately, is to give the tax-payer an opportunity to object to unjust and illegal taxes; but such section should receive reasonable construction.

2. SAME—*what items of a county tax are sufficiently definite.* Items of a county tax levy for "court expenses, bailiffs and jurors, $15,000," for "printing, books and stationery, $800," and for "salary of county judge, mine inspector, janitor, matron of rest room and turnkey of jail, $4000," are sufficiently definite to satisfy the requirements of section 121 of the Revenue act.

3. SAME—*what items should be separated.* Items for "supplies and repairs for poor farm and salary of warden, $2000," and for "supplies, light, heat and water for court house and jail, $4000," should be separated, respectively, in the county tax levy.

4. SAME—*section 121 of Revenue act does not apply to town taxes.* Section 121 of the Revenue act, requiring the several purposes of a county tax to be stated separately, applies only to the county taxes and not to town taxes, and hence an item of a town tax of $100 for "incidentals" is not illegal.

5. SAME—*item for "miscellaneous purposes" not a "statement, in detail," of purpose of city tax.* In the absence of the appropriation ordinance from the record, a city tax item for "miscellaneous purposes" cannot be sustained, as it is not such a specification, in detail, of the purposes of the tax as is required by section 1 of article 8 of the City and Village act.

APPEAL from the County Court of Christian county; the Hon. JAMES H. MORGAN, Judge, presiding.

GEORGE B. GILLESPIE, (HAMLIN, GILLESPIE & FITZGERALD, and HOGAN & WALLACE, of counsel,) for appellant.

R. C. NEFF, State's Attorney, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The county court of Christian county overruled appellant's objections and entered judgment against its land for delinquent county, town and city taxes for the year 1907, whereupon appellant prayed an appeal to this court.

The total levy for county purposes amounted to $73,000, and objections were filed by the appellant as to the following items: For court expenses, bailiffs and jurors, $15,000; for supplies and repairs for poor farm and salary of warden, $2000; for salary of county judge, mine inspector, janitor, matron of rest room and turnkey of jail, $4000; for printing, books and stationery, $800; for supplies, light, heat and water for court house and jail, $4000.

It is contended by appellant that the above items levied a lump sum for more than one purpose without stating the amount required for each purpose separately, and that therefore such levy is not in compliance with the provisions of section 121 of the Revenue law, which provides that the county board shall determine the amounts of all taxes to be raised for county purposes, and when for several purposes the amount for each purpose shall be stated separately. The question covered by this objection has frequently been before this court, and it has been held that a tax levy under this section is illegal and void when levied for several purposes without stating the amount for each purpose separately. (*Cincinnati, Indianapolis and Western Railway Co.* v. *People*, 213 Ill. 197; *Chicago, Burlington and Quincy Railroad Co.* v. *People*, id. 458; *Chicago and Eastern Illinois Railroad Co.* v. *People*, 214 id. 23; *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 224 id. 523; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 231 id. 209.) Levies made for "current expenses," "county purposes," "county revenue for payment of county claims, (janitor's services, supplies, repairs, improvements and current expenses,) $12,000," have been by this court held illegal and void.

In the case at bar the first item objected to is levied for "court expenses, bailiffs and jurors, $15,000." It is contended that this levy is void because not sufficiently definite. The provision of section 121 of the Revenue law requiring the county board to state separately the several purposes for which county taxes are levied should have a reasonable construction. The first case that came before this court involving this section of the statute was the case of *Chicago, Burlington and Quincy Railroad Co.* v. *People, supra.* The levy in that case was the full amount produced by a seventy-five cent levy upon the $100 valuation of all the property within Adams county. This levy was made under an order of the board of supervisors "for the expenses of the current year for county purposes." There was no attempt to state more definitely the purposes for which the levy was made. In disposing of that case, this court, on page 466, stated: "We have held in many cases that a grant of power to levy taxes must be strictly construed and that the methods prescribed by the legislature must be substantially followed, and that a failure to comply with statutory requirements is not a mere irregularity but is a fatal omission, which vitiates the tax." There can be no question as to the power of the taxing officers who levied this tax. The only question is whether the methods prescribed by the legislature have been substantially followed. Manifestly, it was never intended that taxes could not be legally levied without an itemized list of all the detailed purposes for which such tax was to be used. The object to be accomplished by requiring the purposes for which the taxes are levied to be separately stated is to give the taxpayer an opportunity, if necessary, to prevent unjust and illegal levies and assessments. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. supra.*) County taxes are levied for a number of different purposes, and any levy which groups these several purposes under a general designation, such as "current expenses," or "county pur-

poses," or "payment of county claims," cannot be sustained, for the reason that in such cases there is no attempt to state separately the different purposes for which such taxes are levied.  One of the purposes for which county taxes are levied is to defray the expenses of the courts.  This is a legitimate county charge.  When a levy is made for court expenses the tax-payer is afforded full information in respect to the purposes for which the tax is levied.  It is true that the county board might subdivide this purpose into all of the various items that fall under the designation of "court expenses."  Thus, a sum might be levied for jury fees, another for bailiff fees, another for stenographer fees, another for foreign witness fees, etc., but, after all, the tax-payer would have no useful information.  All these items would still be "court expenses," and the tax-payer could not object to the taxes because the amounts levied for the different items were too small or too large.  It would be impracticable for the county board to determine in advance the amount that ought to be levied for each item.  The several items that enter into court expenses do not always maintain the same relation to each other.  They vary very substantially, according to the character of the business before the courts, so that any attempt to apportion the court expenses in advance would lead to embarrassment and confusion.  A levy for "court expenses" is a sufficient compliance with section 121, *supra,* since it states with substantial accuracy the purposes for which the tax is levied. In *Chicago, Peoria and St. Louis Railway Co.* v. *People,* 225 Ill. 463, this court sustained a levy by the city of Alton which was levied for "water-works, $9700; light, $13,000; police, $11,000; salaries, $7000; fire department, $9000," levied under a statute that required the city council to levy taxes "by an ordinance specifying, in detail, the purposes for which such appropriations are made and the sum or amount appropriated for each purpose, respectively." "Court expenses" would seem to be as definite and certain

as the items for which the tax was levied in the case as above cited. The objections of appellant were properly overruled to this item.

The next item objected to was for "printing, books and stationery, $800." This item was stated with sufficient certainty, and the objections were properly overruled.

The next item to which the objection applies in the county taxes was levied for "supplies and repairs for poor farm and salary of warden, $2000." This, we think, is not sufficiently definite. The purposes for which the tax was levied in this item should be separated.

The next item to which the objection applies was levied "for salary of county judge, mine inspector, janitor, matron of rest room and turnkey of jail, $4000." The only objection urged is that these items should be separated. We do not see what right the tax-payer is deprived of by this levy. In our opinion this levy is sufficiently definite.

The next item to which the objection applies is "for supplies, light, heat and water for court house and jail, $4000." We are also of the opinion that there should have been a separation in the levy of the court house supplies, light, heat and water and such as were furnished the jail.

Appellant also objects to the levy of the town tax of the town of Pana upon the ground that the certificate of levy calls for $2000, including an item of $100 for incidentals. It is insisted that the classification of incidentals is not sufficiently definite to designate a purpose for which such tax was levied. The record shows that the tax was levied at the annual town meeting of the town of Pana, and that it was certified to the clerk of the county court by the town clerk on the 12th day of April, 1907. Section 8 of article 13, chapter 139, of Hurd's Revised Statutes, provides, among other things, that "contingent expenses necessarily incurred for the use and benefit of the town" shall be deemed town charges. We are not referred to any provision of the law which requires that the amounts of taxes

raised for town purposes shall be stated separately. When contingent expenses necessarily incurred for the use and benefit of the town are deemed town charges, it is certainly not improper for the town meeting to levy a tax for incidentals. The provision in section 121 of the Revenue act is limited to the levy of county taxes. There was no error in overruling the objections to this item.

Appellant objects to the item in the city taxes of $2000, denominated "miscellaneous purposes," on the ground that it is not a sufficient designation of the purposes for which the tax is to be used and is therefore void. The provision of the law with reference to levying of city taxes (Hurd's Stat. 1908, chap. 24, par. 111, p. 329,) reads: "The city council * * * shall annually * * * ascertain the total amount of appropriations for all corporate purposes legally made and to be collected from the tax levy of that fiscal year; and, by an ordinance specifying in detail the purposes for which such appropriations are made and the sum or amount appropriated for each purpose respectively, levy the amount so ascertained upon all the property subject to taxation within the city or village as the same is assessed and equalized for State and county purposes for the current year." "Miscellaneous purposes" cannot be held a statement, in detail, of the purposes for which the tax was levied. In the case at bar there is no appropriation ordinance in the record, as there was in *Chicago, Peoria and St. Louis Railway Co.* v. *People, supra,* to aid the ordinance. We are therefore of the opinion that the item "miscellaneous purposes, $2000," is not sufficiently definite to comply with the statute under which it was levied. The county court erred in overruling appellant's objections to this item.

The judgment of the county court of Christian county is affirmed in part and reversed in part and remanded, with directions to enter a judgment in accordance with the views herein expressed.    *Reversed in part and remanded.*