THE PEOPLE *ex rel.* Joel Mooneyham, County Collector, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed December 21, 1910.*

1. TAXES—*when town clerk's certificate is sufficient to author-ize county clerk to extend tax.* A certificate by the town clerk to the county clerk reciting that the tax is to be levied upon the real and personal property of the town, "as appears from the record entries of moneys voted to be raised at the annual town meeting * * * and from the certificate of the board of town auditors of said town in my office remaining," is sufficient to authorize the county clerk to extend taxes for bonded indebtedness or outstanding indebtedness of the town.

2. SAME—*when the commissioners' certificate is not sufficient to authorize an additional road tax.* A certificate attempting to levy an additional road and bridge tax "in view of the contingency and emergency that recent and unusual storms, recent and unusual freshets and rains in said town have so washed away the roads and embankments of said roads, and so washed away, damaged and im-paired the bridges in said town, that thirty-six cents on each $100 will be insufficient sum to replace and repair the said roads and bridges," does not show a contingency contemplated by section 14 of the Roads and Bridges act.

3. SAME—*when levy for "contingent expenses" of town is not invalid.* A levy for "contingent expenses" of a town is not invalid because the purposes for which the levy is made are not more spe-cifically stated, where no question is made as to the amount of levy.

4. SAME—*hard or rock road tax is not subject to reduction un-der amended Revenue law of 1909.* A "hard road" or "rock road" tax, although it is intended for permanent improvement of roads

and can only be authorized by a vote of the people, is nevertheless a tax for road purposes, and under the amended Revenue law .of 1909 is exempt from reduction as a part of road and bridge taxes.

5. SAME—*when stock yards of railroad are properly assessed by local assessor.*   Lots owned by a railroad company and occupied by stock pens and located entirely outside of the company's right of way are properly assessed by the local assessor as property other than railroad track or right of way.

6. SAME—*hard road tax is properly extended on basis of one-third of valuation instead of one-fifth.*   A hard road tax is properly extended upon a basis of one-third valuation instead of one-fifth, as required by the old law.   (*People v. Cairo, Vincennes and Chicago Railway Co.* [*ante,* p. 327,]  followed.)

APPEAL from the County Court of Saline county;  the Hon. G. H. DORRIS, Judge, presiding.

· W. F. SCOTT, (L. J. HACKNEY, of counsel,) for appellant.

W. C. KANE, State's Attorney, for appellee.

Mr.· CHIEF JUSTICE VICKERS delivered the opinion of the court:

The Cairo, Vincennes and Chicago Railway Company has appealed from a judgment of the county court of Saline county overruling certain objections filed by appellant to the rendition of judgment for various items of taxes levied by said county, and other municipalities in said county, against the property of appellant.   In some instances the same objection is made to an item of taxes levied by different municipalities.   Where this condition exists it will not be necessary to consider such items separately.

Appellant. objects to the taxes levied in the towns of Rector and Raleigh to pay bonded indebtedness, and in the town of Harrisburg to pay "outstanding indebtedness," for the reason, it is said, the certificate of the town clerk shows that these taxes were levied by the electors at the town meeting when they should have been audited as claims by

the board of auditors. All the certificates of the respective town clerks are substantially the same in form. Each of them contains a recital that the tax is to be levied "upon all real and personal property in said town liable for taxation for the year 1909, as appears from the record entries of moneys voted to be raised at the annual town meeting held in said town on the first Tuesday in April, A. D. 1909, and from the certificate of the board of town auditors of said town in my office remaining." These certificates were sufficient to enable the county clerk to properly extend the taxes, and that is the only office the certificate of the town clerk performs. Appellant does not contend nor attempt to prove that the several boards of town auditors did not, in fact, audit these items and properly certify them to the town clerk. The certificate covers not only taxes for town charges which, under the law, must be audited by the board of auditors, but also any moneys that were to be raised by taxation for future purposes which must be authorized by the town meeting. The objections to these items of taxes were properly overruled.

In the towns of Raleigh, Harrisburg and Eldorado an additional levy, under section 14 of the Road and Bridge law, was attempted under a certificate reciting that "in view of the contingency and emergency that recent and unusual storms, recent and unusual freshets and rains in said town have so washed away the roads and embankments of said roads, and so washed away, damaged and impaired the bridges in said town, that thirty-six cents on each $100 will be insufficient sum to replace and repair said roads and bridges." These certificates are insufficient to show a "contingency" under section 14 of the Road and Bridge law, as that section has been construed by this court. (*People* v. *Toledo, St. Louis and Western Railroad Co.* 231 Ill. 125; *People* v. *Elgin, Joliet and Eastern Railway Co.* 243 id. 546.) The court erred in overruling the objections to the additional road and bridge taxes in the towns named.

In the town of Harrisburg a levy of $500 was made to pay "contingent expenses" of the town. Appellant objects to this item of taxes because the purposes for which the levy is made are not specifically stated. A contingent fund is necessary for all municipal corporations. The reason for making such a levy is to provide a fund, usually a small one, out of which items of expenses which will necessarily arise during the year, and which cannot appropriately be classified under any of the specific purposes for which other taxes are levied, may be paid. If all of the purposes for which a contingent fund could be used could be foreseen, so as to enable the municipality to specify each particular purpose, then no contingent fund would be necessary. Every detailed item of expense would be classified under its appropriate name. It is because it is impracticable to always provide in advance for incidental expenses that will arise during the year that a contingent fund is usually provided by the various municipalities of the State. In *People v. Cairo, Vincennes and Chicago Railway Co.* 237 Ill. 312, this court held that a levy for "incidentals" of $100 by the town of Pana was not void because not sufficiently specific. Section 8 of article 13, chapter 139, of Hurd's Statutes, provides, among other things, that "contingent expenses necessarily incurred for the use and benefit of the town" shall be deemed town charges. No question is made as to the amount of the levy. The court properly overruled the objection to this item of tax.

In the town of Harrisburg the aggregate of all the taxes made a total rate of $6.88 on each $100 valuation. It became necessary, under the law, to reduce this rate. Under the amended Revenue law of 1909 certain taxes are to be deducted or excluded before the rate is reduced, so that which remains will not exceed $3 on each $100. Among other taxes levied in the town of Harrisburg was an item of fifty cents on each $100 for "rock road tax." The only question involved in this objection is whether the hard road

tax should be excluded from the total rate before the reduction is made. Under section 2 of the law of 1909 it is provided that the county clerk shall reduce the rate per cent of the tax levy of such taxing district or municipality in the same proportion in which it will be necessary to reduce the highest aggregate per cent of all the tax levies, "exclusive of State taxes, village taxes, levee taxes, school building taxes, high school taxes, road and bridge taxes," etc. Under the language of this law it seems clear that "hard road" and "rock road" taxes must be classified as road and bridge taxes. While the statute provides that such taxes cannot be levied without a vote of the people petitioned for by fifty land owners of the township, and that the tax is to be extended in a separate column on the tax books, and requires the treasurer to give a separate bond to account for this fund before it can be paid over to him, and such tax can only be applied to the construction of such roads as were designated by the vote, still it is in all of its essential characteristics a road tax. The purpose of it is to permanently improve the public roads of the township for the benefit of the public and to relieve the tax-payers from the burden of annually paying large sums to maintain dirt roads in a usable condition. In a sense it is intended to take the place of other road and bridge taxes. The statute under which such hard road taxes are collected provides that they can be used for no other purpose than that for which they were collected. If they are not road taxes it would be difficult to classify them under our Revenue law. The court did not err in excluding the hard road taxes in the town of Harrisburg in determining the correctness of the clerk's reduction of taxes.

Appellant objected to all of the taxes levied on lots 4, 5 and 6 in Sloan's division of Railroad addition to the town of Harrisburg, on the ground that said lots should have been assessed by the State board of equalization as a part of railroad track or right of way and that they were im-

properly .assessed by the local authorities. The evidence shows that these lots are not connected with the appellant's railroad track or any side-track thereof; that they are used for stock pens, in which live stock is placed preparatory to being loaded on the cars of appellant; that said lots are entirely outside of appellant's right of way. The statute requires that the railroad company shall make a list of its railroad track and other property liable to taxation by the State board of equalization and that said board shall assess the same. The evidence shows that appellant made such certificate, a copy of which for Saline county was filed with the county clerk, and that the lots in question were not included in said certificate. The omission to include such lots in said certificate, unexplained, affords a fair basis for the conclusion that appellant did not regard said lots as a part of its property liable to assessment by the State board. We agree with the court in its decision, and with the appellant when it made its certificate to the State board, that these lots are properly assessed as property other than railroad track and right of way.

Appellant objected to certain taxes in the town of Stone Fort because the certificate of the town clerk did not show the specific purposes for which each item of taxes was levied. This question has been considered during the present term of court and decided contrary to the contention of appellant. The law does not require the town clerk to state specifically what amount is levied for each purpose. Any information the tax-payer may desire on that subject is obtainable from the certificate of the board of town auditors on file with the town clerk.

Appellant also objected to certain hard road taxes for the reason that they were extended on a basis of one-third valuation instead of one-fifth, as required by the old law, and the objection was overruled. This ruling is complained of by appropriate assignments of error in this court. This question has had the consideration of this court in the case

of *People* v. *Cairo, Vincennes and Chicago Railway Co.* (*ante,* p. 327,) and has been determined adversely to the contention of the appellant. There was no error in overruling this objection.

Appellant also objected to certain taxes in the village of Ledford, but the objection is not insisted upon in this court.

The judgment of the county court is erroneous in that it overruled the objections of the appellant to the additional road and bridge tax which was attempted to be levied under section 14 of the Road and Bridge law. In all other respects the judgment of the county court is right.

The judgment is reversed and the cause remanded, with directions to the county court to sustain the objections to that portion of the road and bridge tax in the towns of Raleigh, Harrisburg and Eldorado which was levied in excess of thirty-six cents on the $100 assessed valuation. In all other respects the judgment will be affirmed.

*Reversed in part and remanded, with directions.*