THE PEOPLE ex rel. H. H. Whitlock, County Collector, Appellee, vs. THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed April 19, 1911.*

1. TAXES—*town may levy small sum for contingent expenses.* A town may levy a small sum for "contingent expenses" without specifying the purposes of the tax with any greater particularity, and if the only objection to such tax is that the items going to make up the total amount are not specified, there being no claim that the amount is excessive, the objection is properly overruled.

2. SAME—*electors cannot levy tax to pay outstanding claims against town.* The statute does not authorize the electors at a town meeting to levy taxes to pay outstanding charges and claims against the town, and as the electors derive their taxing powers solely from the statute, any tax levied by them for a purpose not authorized is void.

3. SAME—*when board of town auditors must audit claim.* The action of the electors at a town meeting in providing for the building of a town hall and for the payment of the indebtedness therefor in three yearly installments creates a charge against the town and exhausts the power of the electors, and it is then the duty of the board of town auditors each year to audit an installment of the claim and certify the same to the town clerk, to be included by him in the amount certified by him to the county clerk to be raised by taxation.

APPEAL from the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding.

H. M. STEELY, for appellant.

J. H. LEWMAN, State's Attorney, and ACTON & ACTON, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The Chicago and Eastern Illinois Railroad Company has appealed from a judgment rendered by the county court of Vermilion county against its property for certain taxes levied by the towns of Ross and Blount, in that county,

for the year 1909. Appellant objected to the taxes levied for contingent expenses in each of those towns. In each instance the levy was "for the payment of contingent expenses necessarily incurred for the use and benefit of the town," the levy in the town of Ross being for the sum of $609 and that of the town of Blount being for the sum of $500. The only objection made in the court below and the only objection urged here to the levy of those taxes is, that the levy in each case is not a sufficient specification of the purposes for which the tax is levied, and that the items going to make up the amount levied should have been specified. No objection was made as to the amount of the levy on the ground that it was excessive. This identical question has recently been before us and has been determined contrary to the appellant's contention. In *People* v. *Cairo, Vincennes and Chicago Railway Co.* 247 Ill. 360, the same objection was made to a levy of $500 made by the town of Harrisburg, in Saline county, to pay contingent expenses. In passing upon this objection we there said (p. 363): "Appellant objects to this item of taxes because the purposes for which the levy is made are not specifically stated. A contingent fund is necessary for all municipal corporations. The reason for making such a levy is to provide a fund, usually a small one, out of which items of expenses which will necessarily arise during the year, and which can not appropriately be classified under any of the specific purposes for which other taxes are levied, may be paid. If all of the purposes for which a contingent fund could be used could be foreseen, so as to enable the municipality to specify each particular purpose, then no contingent fund would be necessary. Every detailed item of expense would be classified under its appropriate name. It is because it is impracticable to always provide in advance for incidental expenses that will arise during the year that a contingent fund is usually provided by the various municipalities of the State." The only objection made in that case was the one which is

urged here, and that case followed *People v. Cairo, Vincennes and Chicago Railway Co.* 237 Ill. 312, where it was held that a levy of $100 for "incidentals" by the town was not void because not sufficiently specific. No objection having been made to these taxes upon the ground that the amounts levied for contingent expenses were excessive, that question is not before us. While the amount annually required for contingent expenses varies in the different towns of the State, it is ordinarily but a small sum which is needed for that purpose. As these taxes were objected to only upon the ground that the purposes for which they were levied were not specifically stated, the objections were properly overruled.

Appellant relies upon *People v. Illinois and Indiana Railroad Co.* 231 Ill. 377, and *People v. Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 231 id. 209, in support of its contention that the purpose for which these taxes were levied was not sufficiently designated in the respective levies. The holdings in those cases in relation to the town tax of the town of Robinson were, in effect, overruled in *People v. Cairo, Vincennes and Chicago Railway Co.* 237 Ill. 312, and *People v. Cairo, Vincennes and Chicago Railway Co.* 247 id. 360.

Another item of the tax levy of the town of Ross was $4250.75 for the payment of outstanding indebtedness for the building of a town hall located at Rossville. This item was also objected to for the reason that, being a levy to pay existing outstanding indebtedness, it could only be made pursuant to the action of the board of town auditors after the claim had been examined and audited by the board and could not be levied by the voters at the annual town meeting. The evidence discloses that this item was levied by the voters at the annual town meeting to pay the balance due on the erection of a town hall and that the claim was not examined or passed upon by the board of town auditors. It was disclosed that in 1907 the town duly

authorized the erection of a town hall, and under the contract the same was to be paid for in three yearly installments.    Whether this indebtedness was evidenced by anything except the contract is not shown by this record.    At the town meeting in 1907 the electors authorized and directed the levy of an annual tax of twelve cents on each $100 assessed valuation for three years to pay for the building of the town hall.    The tax objected to was levied at the annual town meeting in 1909 for the purpose of paying the last installment on this contract, which would become due some time during the early part of the year 1910.    Appellee insists that inasmuch as this amount was not due at the time the tax was levied but would become due about the time the taxes then levied would be collected, the board of town auditors had no authority to examine and audit this claim and the electors at the annual town meeting had authority to make the levy to provide for the payment of this indebtedness when it became due the following year. The electors of the town of Ross, at their town meeting, had the right, the statute in regard to petition and notice having been complied with, to provide for the building of a town hall, and they also had the right to provide for the payment of the cost thereof in installments and to direct the levy of an annual tax for a specified term of years to meet the indebtedness.    Having done that, the electors of the town exhausted their powers.    By their action in providing for the building of a town hall and for the payment of the indebtedness incurred, in installments, a claim or charge was created against the town, and it became the duty of the board of town auditors each year to audit an installment of the claim.    The certificate of the board to the town clerk, and the certificate of the town clerk to the county clerk, form the only proper basis for a tax levy to meet such indebtedness.    The statute requires the board of town auditors to examine and audit all charges and claims against their town, and, where the same are allowed, to

make a certificate, to be signed by a majority of the board, specifying the nature of the claim or demand and to whom the amount is allowed, and to cause such certificate to be delivered to the town clerk of the town, to be by him kept on file for the inspection of any of the inhabitants of the town, and the aggregate amount of the claims so audited and allowed are to be certified to the county clerk by the town clerk at the same time and in the same manner as other amounts required to be raised for town purposes. The statute does not authorize the electors at a town meeting to levy taxes to pay outstanding charges and claims against the town, and as the electors derive their only power to levy and collect taxes from the provisions of the statute, any tax levied by them for a purpose not authorized will be void. "Neither in express terms nor by inference is any power given to the town meeting to audit and allow or reject claims and charges against the town, but that power is expressly given to the board of auditors. By ordinary rules of construction the statute committing that power and duty to the board of auditors excludes their exercise by the town meeting, and that view is re-enforced by the fact that the power to levy taxes for the same purpose by two different bodies would result in double taxation." (*People* v. *Chicago and Alton Railroad Co.* 193 Ill. 364.) The objection to the tax levy of the town of Ross for the payment of outstanding indebtedness should have been sustained.

The judgment of the county court is reversed and the cause remanded, with directions to the county court to sustain the objection to that portion of the tax levy in the town of Ross for the payment of outstanding indebtedness. In all other respects the judgment is affirmed.

*Reversed in part and remanded, with directions.*