THE PEOPLE *ex rel.* Allen E. Parmenter, County Collector, Appellee, *vs.* THE FENTON AND THOMSON RAILROAD COMPANY *et al.* Appellants.

*Opinion filed December 21, 1911.*

1. TAXES—*highway commissioners cannot levy a tax to build bridge necessitated by new drainage ditch.* Highway commissioners cannot levy a tax to build a bridge necessitated by the construction of a drainage district ditch even though the drainage district is organized under the Levee act, which contains no provision compelling districts to build bridges made necessary by their ditches, as no statutory provision is required to compel the restoration of a highway; nor has the legislature power to authorize the levy of a road and bridge tax upon the tax-payers of the town for the benefit of a drainage district where the ditch is artificial.

2. SAME—*when levies for city and village purposes cannot be sustained.* The rule that a small sum which will reasonably cover such expenses of a city or village as cannot be classified may be levied under the description of contingent or miscellaneous expenses or incidentals, cannot be applied to sustain city taxes "for the fund known as the general fund for general city purposes, $1097.40," and "consolidated, $1824," or village taxes "for general fund, $1250," and "for general fund, $500," as such descriptions

do not satisfy the provision of section 1 of article 8 of the Cities and Villages act requiring the tax levy ordinance to specify in detail the purposes for which the appropriations are made and the sum appropriated for each purpose.

APPEAL from the County Court of Whiteside county; the Hon. WILLIAM A. BLODGETT, Judge, presiding.

A. A. WOLFERSPERGER, and WILLIAM D. BARGE, (J. A. CONNELL, of counsel,) for appellants.

J. J. LUDENS, State's Attorney, and JACOB CANTLIN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Whiteside county applied to the county court of said county for judgments against delinquent lands for taxes of 1910. The appellants, four railroad companies, filed objections, which were overruled and judgments were entered, with orders of sale. The appellants each excepted and prayed for and were allowed what was termed a consolidated appeal to this court. There has been a joinder in error and a submission of the cause for decision.

The Chicago, Burlington and Quincy Railroad Company objected to the excess above thirty-six cents on $100 of taxable property, of the road and bridge tax in the towns of Garden Plain and Fulton. The Chicago, Burlington and Northern Railroad Company and the Fenton and Thomson Railroad Company made like objection to such excess in the town of Fulton. Each town is under the cash system, and the certificates of the highway commissioners, consented to by the board of town auditors, each recited that an additional levy of twenty-five cents on each $100 valuation was made necessary by the contingency of building a bridge, and the approaches thereto, across a new ditch recently

completed by the Cat-tail Drainage District through a public highway of the town, the highway in the town of Garden Plain being designated as the Fulton and Albany road and the one in the town of Fulton being known as the Lunt road. The building of new bridges is one of the ordinary expenses for which road and bridge taxes are levied. (*People* v. *Kankakee and Southwestern Railroad Co.* 237 Ill. 362; *People* v. *Wabash Railroad Co.* 248 id. 540.) But the question whether digging a ditch across a highway, necessitating a bridge, can ever be regarded as a contingency will not be considered, because the cost of constructing bridges across ditches of a drainage district must be borne by the district, and the highway commissioners cannot levy any tax for that purpose. (*Highway Comrs.* v. *Drainage Comrs.* 246 Ill. 388.) Counsel for appellee say that this case differs from that one because the district was organized under the Levee act, which does not compel districts to build bridges made necessary by digging a drainage ditch across a public highway. It does not require any provision of the statute to compel the restoration of a highway, and it is not even within the power of the General Assembly to authorize the levy of a road and bridge tax on the taxpayers of the town for the benefit of a drainage district where the ditch is an artificial one. (*Drainage Comrs.* v. *Highway Comrs.* 220 Ill. 176; *Morgan* v. *Schusselle,* 228 id. 106.) The decision of the court with reference to the road and bridge tax was wrong.

The Chicago, Burlington and Quincy Railroad Company and the Chicago, Burlington and Northern Railroad Company objected to that part of the tax levy by the city of Fulton which was designated in the ordinance levying the tax, "For fund known as the general fund for general city purposes, $1097.40." The Chicago, Burlington and Quincy Railroad Company also objected to the item in the tax levy ordinance of the city of Rock Falls, specified as "Consolidated, $1824," and to the item in the village tax in

the village of Tampico which was designated as "For general fund, $1250." The St. Louis, Rock Island and Chicago Railroad Company objected to that part of the tax specified in the tax ordinance of the village of Erie as "For general fund, $500." None of these items designated the purposes for which the tax was required. They did not give any intimation of the purpose to which the taxes, when collected, were to be devoted or furnish the tax-payer with any information as to the legality of such object. Article 8 of the Cities and Villages act is the authority for the levy and collection of taxes by cities and villages, and it requires a levy of the amount of the appropriations that have been made for corporate purposes by a tax levy ordinance, "specifying in detail the purposes for which said appropriations are made and the sum or amount appropriated for each purpose, respectively." The ordinances did not comply with that requirement, and it has always been held that ordinances such as those in question will not authorize the levy and collection of the tax. (*People* v. *Peoria, Decatur and Evansville Railroad Co.* 116 Ill. 410; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 231 id. 209; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 207 id. 566; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 id. 312.) The provision of the statute must receive a reasonable construction, and inasmuch as there are some small expenses of a city or village which can not be classified, a small sum which will reasonably cover such expenses may be levied under the description of contingent or miscellaneous expenses or incidentals. (*People* v. *Cairo, Vincennes and Chicago Railway Co. supra; People* v. *Chicago and Eastern Illinois Railroad Co.* 249 Ill. 549.) Where there is no objection that the amount so levied is not within the limits of that rule in amount, an objection to such an item will not be sustained, but the taxes cannot be upheld on such grounds in this case.

The judgments are reversed and the cause is remanded, with directions to sustain the objections as to the taxes mentioned in this opinion and to render judgment accordingly.

*Reversed and remanded, with directions.*