THE PEOPLE *ex rel.* E. G. Williamson, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1911—Rehearing denied Feb. 8, 1912.*

1. TAXES—*the amount levied under description "contingent expenses" must be small in proportion to total tax.* To justify the levy of a tax by a county or a city under the description of "contingent expenses" the amount must be small in proportion to the total tax and be reasonable in view of the size and population of the municipality levying the tax, and the Supreme Court will take judicial notice of the size and population of such municipality where objection is made to the amount of the tax.

2. SAME—*when a levy for "contingent expenses" is excessive.* A tax levy by a county for "contingent expenses" in an amount equal to one-ninth of the total tax levied for all county purposes, and a like levy by a city in an amount equal to one-eighth of the total city tax, are excessive and cannot be sustained over an objection on that ground.

3. SAME—*a certificate stating no contingency at all will not support additional road tax.* An additional road tax levied under section 14 of the Roads and Bridges act cannot be sustained where the certificate of the highway commissioners on which the tax is based does not show any contingency at all.

4. SAME—*when objection that amount due for taxes was not deposited before appeal, comes too late.* An objection that the record does not show that the amount of the judgment for taxes was deposited before the appeal was perfected comes too late, where no motion was made to dismiss the appeal and the case was submitted to the court on its merits, without objection, for decision upon the errors assigned.

APPEAL from the County Court of Stark county; the Hon. B. F. THOMPSON, Judge, presiding.

WRIGHT & WRIGHT, (J. A. CONNELL, and WILLIAM D. BARGE, of counsel,) for appellant.

J. H. RENNICK, State's Attorney, and J. W. FLING, JR., for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application for judgment and order of sale in the county court of Stark county by E. G. Williamson, as county collector, against the property of the appellant, the Chicago, Burlington and Quincy Railroad Company, for certain taxes extended by the county clerk of said county for the year 1910. The railroad company appeared and filed objections to the rendition of judgment and order of sale as to the following taxes: County tax, $88.78; city of Wyoming tax, $47.25; town of Osceola road and bridge tax, $231.57; town of Penn road and bridge tax, $87.63; town of Essex road and bridge tax, $115.15. The court overruled the objections and rendered judgment and order of sale against the appellant's property, and it has prosecuted this appeal.

The first objection made is as to the county tax. The record shows the board of supervisors made a tax levy for county purposes of $18,000, specifying its various purposes in detail, which included $2000 for "contingent and general expenses," which it is objected was an excessive amount to be levied under so general a specification, by virtue of the requirements of section 121 of chapter 120, (Hurd's Stat. 1909, p. 1846,) which provides that when a county tax levy is made for several purposes the amount for each purpose must be stated separately. The second objection is to the city tax of the city of Wyoming. The record shows a tax levy by the city council of the city of Wyoming, for all purposes, of $4600, which specified in detail the purposes for which the levy was made, and which included $600 for "contingent and general expenses," which it is also objected was an excessive amount to be levied under so general a specification, by virtue of paragraph 111 of chapter 24, (Hurd's Stat. 1909, p. 356,) which declares that a tax levy for city purposes shall be made by an ordinance which specifies in detail the purposes for which the

tax levy is made. The objections made to said county and city taxes being the same, the two objections will be considered together.

In a number of cases heretofore decided by this court it was held a tax levy for "current expenses," for "county purposes," for "county revenue," for payment of "county claims," for payment of "contingent expenses for the use and benefit of the town," was too indefinite and uncertain to sustain a tax levy. (*Chicago, Burlington and Quincy Railroad Co.* v. *People,* 213 Ill. 458; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 213 id. 197; *Chicago and Eastern Illinois Railroad Co.* v. *People,* 214 id. 23; *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 224 id. 523; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 231 id. 209; *People* v. *Illinois and Indiana Railroad Co.* 231 id. 377.) The doctrine of these cases has, however, been modified in *People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 Ill. 312, *Same* v. *Same,* 247 id. 360, and *People* v. *Chicago and Eastern Illinois Railroad Co.* 249 id. 549, to the extent that it is now held that under the designation "contingent expenses," or other similar designation, a small sum may be provided by a tax levy with which items of expense may be paid which will necessarily arise during the year and which cannot appropriately be classified under any of the specific purposes for which other taxes are levied. In *People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 Ill. 312, the amount levied for incidentals was $100, and in *People* v. *Cairo, Vincennes and Chicago Railway Co.* 247 Ill. 360, the amount levied was $500, but no question was made as to the amount of the levy; and in *People* v. *Chicago and Eastern Illinois Railroad Co. supra,* one levy was for $609 and the other for $500, and in that case no question was made as to the amount of the taxes levied. In this case the amount levied as a county tax for "contingent and general expenses" was $2000, which was one-ninth of

the total taxes levied in Stark county for "county pur-
poses" for the year 1910, and the amount levied as a city
tax in the city of Wyoming for "contingent and general
expenses" was $600, which was about one-eighth of the
total taxes levied for the year 1910, and the objections
were here specifically made that each of said amounts lev-
ied for "contingent expenses" was excessive for the pur-
pose for which the levy was made. In *People* v. *Illinois
Central Railroad Co.* 237 Ill. 324, it was said the court
would take judicial notice of the size and population of the
municipality making the tax levy, and determine whether
or not, in view of its wealth and population, a tax levy
for contingent purposes was an unreasonable amount to
be levied under the general designation of "contingent ex-
penses" or other similar general designation. In *People* v.
*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.*
231 Ill. 209, it was said: "It is the object of said sec-
tion 121, and similar statutes, to give the tax-payer an op-
portunity to know for what purpose taxes are being levied
and collected, and to give him an opportunity, if necessary,
to prevent an unjust levy for the purpose of taxation."
To permit a taxing body to levy one-eighth or one-ninth
of the entire tax levied in the municipality for one year
for the purpose of paying the "contingent and general ex-
penses" of the municipality would be, as was said in the
last case, to permit a taxing body to include matters in the
levy which they were not authorized to include, and the
tax-payer would be placed in a position where he would be
unable to determine for what he was being taxed. While
in the later decisions of this court a small amount may be
levied for contingent and general expenses, such levy must
be for an inconsiderable amount and not for a considerable
portion of the total tax levy. In view of our former de-
cisions upon this subject we have therefore reached the
conclusion that the county tax and the city tax of Wyoming
objected to cannot be sustained as valid tax levies.

It is next objected that the levies of the road and bridge taxes under section 14 of the Roads and Bridges act in the towns of Osceola, Penn and Essex over thirty-six cents on the $100 are void by reason of the fact that no contingency was shown to exist which authorized such levies. The certificates of the highway commissioners of said towns as made by such commissioners failed to show that any contingency whatever existed in either of said towns which authorized any additional tax levy under section 14. This court has repeatedly held that before an additional tax levy can rightfully be made under section 14 a contingency must be shown to exist,—that is, the certificate of the commissioners must state that the tax is required to meet a contingency and must state what the contingency is, and the contingency must be some unusual or extraordinary event in the nature of a casualty, which does not happen regularly and in the ordinary course of nature. (*People* v. *Lake Erie and Western Railroad Co.* 248 Ill. 32.) A certificate by commissioners which does not show such a contingency is void and will not support a tax levy. (*People* v. *Kankakee and Southwestern Railroad Co.* 231 Ill. 109.) The certificates of the commissioners of highways of said several towns did not state a contingency at all, and an additional levy under section 14 of the Roads and Bridges act was therefore insufficient to authorize the levy of an additional road and bridge tax in said towns, and the tax as levied cannot be sustained.

It is finally contended by the appellee that the appeal in this case was improperly allowed, as it does not appear from the record that the amount of taxes for which judgment was rendered was deposited with the county collector before the appeal was perfected. No motion was made in this court to dismiss the appeal, but briefs were filed by both parties and the case was submitted to the court upon its merits and taken for decision, without objection, upon

the errors assigned. The objection comes, therefore, too late. *Wabash Railroad Co.* v. *People*, 196 Ill. 606.

The judgment of the county court of Stark county will be reversed and the case remanded.

*Reversed and remanded.*