THE PEOPLE *ex rel.* S. T. Carmody, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*item of $10,000 "for court house claims" is too indefinite.* An item in the county tax levy of $10,000 "for court house claims" is too indefinite, as it cannot be told what claims it is intended to cover.

2. SAME—*determination of authorities as to necessity for additional road tax is now final.* The evident intention of the amendment to section 14 of the Roads and Bridges law was to leave it to the discretion of the board of town auditors and the assessor to determine whether a sufficient reason is shown for an additional road and bridge tax, and their determination of that question is now final.

APPEAL from the County Court of Macoupin county; the Hon. TRUMAN A. SNELL, Judge, presiding.

GEORGE B. GILLESPIE, (ROBERT J. CARY, BELL & BURTON, and GILLESPIE & FITZGERALD, of counsel,) for appellant.

JAMES H. MURPHY, State's Attorney, and VICTOR HEMPHILL, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The appellant objected to one item in the county tax levy and a certain road and bridge tax, but its objections were overruled and judgment of sale was rendered against its property.

The item in the county tax levy was "for court house claims, $10,000," and the objection that the purpose named was too indefinite should have been sustained. It cannot be told whether the item is intended to cover claims arising from the construction of the court house, its maintenance, or the conduct of business in it or claims past due or to accrue. *People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 Ill. 312; *People* v. *Bowman,* 253 id. 234.

The objection to the road and bridge tax was properly overruled. The commissioners of highways levied a tax of thirty-six cents on the $100, and with the consent of the board of town auditors and the assessor made an additional levy of twenty-five cents on the $100. The objection made is, that the reason certified by the highway commissioners for the need of such additional levy is not sufficient. The reason certified is, "that several bridges need necessary repairs and a new bridge must be built." Before the amendment of 1911 this would clearly have been insufficient under the statute which required as a condition precedent to the additional levy the existence of a contingency. Section 14 of the Road and Bridge law has, however, been amended, so that now it is required only that the commissioners shall certify the need of the greater levy and the reason therefor. The evident intention of the amendment was to commit to the discretion of the board of town auditors and the assessor the power to determine

whether a sufficient reason has been shown for making an additional levy, and their determination of that question is final.

The judgment as to the county tax will be reversed and as to the road and bridge tax will be affirmed.

*Affirmed in part and reversed in part.*