(No. 12435.—Judgment affirmed.)

THE PEOPLE *ex rel.* Henry Stuckart, County Collector, Appellant, *vs.* THE INSURANCE EXCHANGE BUILDING, Appellee.

*Opinion filed June 18, 1919.*

1. TAXES—*when a levy for county purposes is not sufficiently specific.* In levying general taxes for county purposes, an item of levy for "Juror's fund, for expenses of dieting jurors and fees of jurors and witnesses," is too indefinite. (*People* v. *Klee,* 282 Ill. 440, followed.)

2. SAME—*when appellee in tax case cannot assign cross-errors.* On appeal by the county collector from a judgment sustaining objections to certain taxes, the appellee is not entitled to assign cross-errors on the action of the court in overruling objections to other taxes against its property.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

MACLAY HOYNE, State's Attorney, (CHARLES CENTER CASE, JR., and JOSEPH P. RYAN, of counsel,) for appellant.

LANDON & HOLT, ELLIS & LEWIS, WILLIAM LAWTON, and ELMER M. LEESMAN, (ROBERT N. HOLT, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal by the State's attorney on behalf of the People, on the relation of the county collector of Cook county, from a judgment of the county court sustaining objections to certain general taxes levied and extended for county purposes for the year 1917. Cross-errors are assigned on the judgment overruling certain objections and ordering sale of real estate owned by appellee for delinquent taxes.

The questions presented to this court are limited by counsel to objections filed in the trial court to county taxes, only, and are confined to four items of the annual appro-

priation bill of Cook county adopted February 5, 1917, for the then fiscal year. Objections were filed and sustained by the trial court to the appropriation and levy for "Juror's fund, for expenses of dieting jurors and fees of jurors and witnesses, $408,332." Objections were filed, overruled and judgment and order of sale entered in the matter of the following items in the annual appropriation bill of said county: "Court house building fund, $100,000;" "Bonds and interest fund, old surplus, $19,409.13;" "Amount county clerk added for loss and cost to levy for county bonds fund." It is also assigned as error that the trial court permitted the examination of a certain witness by the name of O'Brien from a table not in evidence and thereafter admitting such table in evidence over objections. The foregoing items will be treated in this court in the order above given, with the respective contentions of the parties interested.

Appellant, in support of his contention that the item of levy, "Juror's fund, for expenses of dieting jurors and fees of jurors and witnesses," is a valid levy, strongly urges, that notwithstanding the case of *People* v. *Klee*, 282 Ill. 440, where this identical item was held invalid as in violation of section 121 of the Revenue act, requiring that the items of levy shall be separate, that under the cases of *People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 Ill. 312, and *People* v. *Illinois Central Railroad Co.* 237 id. 324, such levy is valid as a substantial compliance with section 121. Counsel for appellant very earnestly contend that the doctrine of *stare decisis* should be applied to this case, for the reason that the cases of *People* v. *Cairo, Vincennes and Chicago Railway Co. supra,* and *People* v. *Illinois Central Railroad Co. supra,* have long been the law in this State and have been cited in numerous recent decisions, whereas the case of *People* v. *Klee* is but one case in which a different rule is adopted. An examination of these cases and the *Klee case* discloses that the court, in determining

whether or not certain items of levy were sufficiently defi-
nite or sufficiently separated, has construed the language
used in the levies in former cases. There appears, however,
to have been no departure in the *Klee case* from the gen-
eral rules of law and construction laid down in the earlier
cases. The *Klee case* appears to be the only case in which
the identical language here used was construed. The con-
struction put upon that language in that case controls here,
and the county court did not err in sustaining the objec-
tion to said tax.

Appellee has assigned certain cross-errors to the order
of the county court overruling its objection to certain items
of tax. This court in the case of *People* v. *Vogt,* 262 Ill.
170, laid down the rule that a judgment as to the different
items of tax is, in effect, a distinct judgment as to each item,
for reasons analogous to the rule laid down in *Walker* v.
*Pritchard,* 121 Ill. 221, that where one party appeals from
only a portion of a decree the other matters not appealed
from are not before the reviewing court if such other mat-
ters are wholly independent of the part of the decree ap-
pealed from, so that one part has no influence or bearing
upon a decision as to the other part, that case holding that
as to the other part not appealed from the decree constitutes
a separate decree. We held in the *Vogt case, supra,* that
appellee cannot raise on cross-errors the question as to the
correctness of the trial court's ruling on items of tax not
included in or affected by the judgment concerning the
items appealed from, it being there held that he should have
appealed from that decision. That case is controlling here.
The court cannot, therefore, review the questions raised on
cross-errors.

It is also assigned as error that the trial court permit-
ted the examination of a certain witness by the name of
O'Brien concerning certain computation tables which were
thereafter admitted in evidence over the objection of ap-
pellant. We are of the opinion that such testimony could

not in any way affect the holding of the trial court or this court, for the reason that, as we have herein stated, the errors urged are settled by the case of *People* v. *Klee, supra.*

As the county court did not err in sustaining the objections of appellee upon which appellant has herein assigned error, the judgment of that court will be sustained.

The judgment of the county court is affirmed.

*Judgment affirmed.*