The Cincinnati, Indianapolis and Western Ry. Co.

*v.*

The People *ex rel.* Edward R. Moffett, County Treasurer.

*Opinion filed December 22, 1904.*

1. Taxes—*what is not a sufficient levy of county taxes.* Under section 121 of the Revenue act a resolution of the county board directing the clerk to extend the amount of seventy-five cents on each $100 valuation for the "current expenses" of the county is not sufficient, it being the purpose of the statute that the board shall determine the amount of all taxes to ·be raised for county purposes and state the amount for each purpose separately, leaving the clerk to determine the rate per cent. (*Mix* v. *People,* 72 Ill. 241, and *Chicago and Alton Railroad Co.* v. *People,* 155 id. 276, distinguished.)

2. Same—*designation of town tax as for "town purposes" is not sufficient.* A town tax is invalid where the clerk's certificate recites that the annual town meeting had voted to levy a certain amount for "town purposes," without reciting the particular purposes and the amount required for each.

3. Same—*when statement attached to clerk's certificate is a part thereof.* A statement under the hand of the town clerk, attached to his certificate of levy of a town tax, specifying the purposes of the tax and the amount required for each, and corresponding with the record of the annual town meeting introduced in evidence, is properly treated as a part of the certificate.

4. Same—*the right of electors to vote tax levy in anticipation of demands.* Under the Township Organization act the electors, at the annual town meeting, may levy taxes in anticipation of demands that will thereafter arise against the town for services rendered by its officers, and for other proper charges of like character.

5. Same—*effect where there is a deficiency for payment of audited demands.* Claims and demands audited by the board of town auditors should be paid immediately if there is sufficient money in the proper fund or funds, the deficiency, if any, to be included by the town clerk in the next certificate of levy made by him, in addition to the amount of the levy made by the electors at the annual town meeting.

6. Same—*a certificate of road tax levy need not specify amount required for each purpose.* It is not necessary that the highway commissioners' certificate of levy of road and bridge taxes, made under section 119 of the Road and Bridge act, shall specify the amounts required for the several purposes. (*Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 212 Ill. 518, followed.)

7. Same—*filing original certificate of levy is fatal to tax.* Filing, by the town clerk, of the original certificate of levy made by the highway commissioners in a town under the "cash" system, instead of the certified copy required by section 16 of the Road and Bridge act, invalidates the tax, and the irregularity cannot be cured on application for judgment of sale by filing a certified copy.

8. Same—*what not a valid objection to city tax.* The fact that the amounts levied in a tax levy ordinance for the various purposes are less than the amounts appropriated for the same purposes in the appropriation ordinance is not a valid objection to the tax.

APPEAL from the County Court of Macon county; the Hon. O. W. SMITH, Judge, presiding.

GEORGE W. FISHER, for appellant.

W. E. REDMON, State's Attorney, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of the county court of Macon county, rendered at the June term, 1904, for certain taxes of the year 1903, extended by the county clerk of said county against the real estate of appellant. The taxes involved include county tax for the county of Macon; town taxes for the towns of Decatur, Blue Mound and Long Creek; road and bridge taxes for the towns of Blue Mound and Long Creek; and city tax for the city of Decatur.

The objection made to the county tax is that the resolution of the board of supervisors merely directed the clerk to

extend the amount of seventy-five cents on each $100 of valuation for the current expenses of the county, when it should have specified the sums of money to be raised and the specific purpose for which each sum was required.

Paragraph 6 of section 25, chapter 34, Hurd's Revised Statutes of 1903, empowers the county board annually to cause the levy and collection of taxes for county purposes, not exceeding seventy-five cents on the $100 valuation. Section 121 of chapter 120, Hurd's Revised Statutes of 1903, reads as follows:

"The county board of the respective counties shall, annually, at the September session, determine the amounts of all taxes to be raised for county purposes, the aggregate amount of which shall not exceed the rate of seventy-five cents on the $100 valuation of property, except for payment of indebtedness existing at the adoption of the present State constitution, unless authorized by a vote of the people of the county. When for several purposes, the amount for each purpose shall be stated separately."

Section 127 of the same chapter is in the following language:

"The said clerks shall estimate and determine the rate per cent upon the proper valuation of property in the respective towns, townships, districts and incorporated cities, towns and villages in their counties, that will produce, within the proper divisions of such counties, not less than the net amount of the several sums that shall be required by the county board, or certified to them according to law."

It is to be observed that section 121, *supra,* directs the board to determine, not the amount of taxes for county purposes, but "the amounts of all taxes to be raised for county purposes," and "when for several purposes, the amount for each purpose shall be stated separately." Section 127, *supra,* directs the clerk to determine the rate per cent which will produce, not the amount or sum required by the county board, but that will produce "not less than the net amount

of the several sums that shall be required by the county board." It is apparent from the two sections last cited that the legislature intended that the county board should ascertain the total of county taxes to be levied each year under its authority by determining the amount that would be required for each purpose for which county taxes may be levied, the aggregate of such amounts to be the total county tax; for example, a certain sum for the pauper fund, a certain sum for the fund for the purchase of supplies for county offices; if the county is engaged, or is about to engage, in building, a certain sum for the building fund; if its property requires repair, a certain sum for the repair fund; and so with each of the purposes for which the county board is authorized to levy taxes and for which it may require money.

The levy here was for seventy-five cents on the $100, and specified no purpose except to state that it was for "current expenses." This designation is too general. The resolution was passed by the board before the total amount of the assessment of property in the county had been ascertained, and before the county board could know what amount of money would be produced by the seventy-five cent rate. The legislature did not intend to put it in the power of the county board to levy a seventy-five cent tax without reference to the needs of the county, but did intend that the total amount of the tax should be determined by an ascertainment of the sum needed by the county for each purpose for which it may levy taxes.

We have invariably held that, under similar statutes, a levy for town taxes must specify the various purposes for which the tax was levied, and that a designation of the tax as "for town purposes," is not sufficiently definite, (*People v. Chicago and Alton Railroad Co.* 194 Ill. 51; *Indiana, Decatur and Western Railway Co.* v. *People,* 201 id. 351; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 207 id. 566;) and that an ordinance for the levy of city or village taxes must specify in detail the several purposes for

which the tax is levied. (*People* v. *Peoria, Decatur and Evansville Railroad Co.* 116 Ill. 410; *Cincinnati, Indianapolis and Western Railway Co.* v. *People, supra.*) There is no distinction between this case, in so far as it affects the county tax, and cases arising under the statutes authorizing the levy of township and city or village taxes.

Appellee relies upon the case of *Mix* v. *People,* 72 Ill. 241. In that case the amount of the county tax extended was $25,000. That sum had been fixed by an order of the county board which merely adopted the report of a committee recommending that a tax in that amount be levied. The only question considered by this court was whether or not that order levied the taxes. The objection that the county board had not stated specifically the various purposes for which the tax was to be levied does not seem to have been either made or considered, and the case is therefore not authority so far as the objection now before us is concerned.

We are also referred to cases in which this court has held that a levy made by taxing officers of a certain number of cents on the $100, instead of fixing the total amount of the levy, while not in strict accordance with the statute, was sufficient, and that taxes extended thereunder were valid. Those under existing statutes are cases in which the tax could have been for but one purpose, as in *Chicago and Alton Railroad Co.* v. *People,* 155 Ill. 276, where on each $100 of the assessment, two dollars was levied for school purposes and one dollar and fifty cents for building purposes. Those cases are distinguishable from the one at bar by the fact that the tax levied by a fixed percentage could be used for one purpose only and not for a number of purposes as in the case of county taxes levied for current expenses.

*Gage* v. *Bailey,* 102 Ill. 11, is not in point, as the town tax there levied at a certain rate per cent was imposed under the provisions of article 10 of chapter 103, Gross' Statutes of 1868, which differed materially from the statute now under consideration.

The objection to the Decatur town tax is that the certificate of the town clerk recites that at the annual town meeting held in that town it was voted to levy $3000 as a tax for town purposes, when it should have specified the purposes, for which that amount was required and the amount required for each purpose. The same objection is made to the Blue Mound town tax.

We have so frequently held that such a designation of a town tax is insufficient that a reference to the cases on that subject is no longer necessary.

The certificate of the levy of town tax made by the town clerk of the town of Long Creek states that at the annual town meeting, there was voted to be levied as a tax for town purposes the sum of $432. Attached to the certificate, when filed with the county clerk, was a statement under the hand of the town clerk specifying the purposes for which that amount was to be raised and giving the sum required for each purpose. The record of the annual town meeting, introduced in evidence by the People also showed the several purposes for which the sum of $432 was required, together with the amount required for each purpose, and corresponded with the statement attached to the certificate of levy. The objection to this levy is first that it does not designate the purposes of the tax.

The statement attached to the certificate of levy for this town tax, we think, should be regarded as a part thereof. So considering it, the certificate meets the requirements of the statute. This statement showed the purposes of the tax were to pay compensation of town officers, to pay for auditing the accounts of the town, and to pay election expenses, properly specifying the amount for each purpose.

Section 121 of chapter 139, Hurd's Revised Statutes of 1903, directs the board of auditors to "examine and audit all charges and claims against their town and the compensation of all town officers except the compensation of supervisors for county services." Section 124 of the same chapter

directs the board to make a certificate showing the claims and demands allowed, and file the same with the town clerk, and the section then continues: "The aggregate amount thereof shall be certified to the county clerk at the same time and in the same manner as other amounts required to be raised for town purposes, which shall be levied and collected as other town taxes." The third paragraph of section 40 of the same chapter authorizes the electors at the annual town meeting, to direct the raising of money by taxation for constructing roads and bridges, for the prosecution and defense of suits, and "for any other purpose required by law." The second objection to this tax is, that if it is for compensation already earned, and expenses already incurred that the levy could only be made in pursuance of the certificate of the board of town auditors, as provided by section 124, *supra,* and that if the levy is for future compensation and future expenses, no power exists in the electors at the annual town meeting to levy taxes in anticipation of claims and demands against the town. Appellant's contention is that no tax can be levied by the town authorities to pay the compensation of its officers until after the claims for compensation have been audited by the town board and certified to the town clerk. If this be the true construction of the statutory provisions on the subject, a town officer who, for example, performs some official duty in the autumn of 1904 after the town clerk has filed his certificate of levy for the taxes of that year with the county clerk, and after the second meeting of the board of auditors in that year, would have his claim for the performance of that duty audited and certified to the town clerk in 1905 and included in the tax levy of that year and collected and paid to him in 1906—about eighteen months after the services had been performed. We think such a construction violates the legislative intent as manifested by the enactment under consideration. Section 126*a* of chapter 139, *supra,* evidently contemplates the payment of claims and demands against the town immediately after they have been audited

and certified to the clerk. The statute authorizing a levy of taxes in accordance with the auditors' certificate and the statute authorizing a levy in accordance with the direction of the electors at the town meeting must be construed together. We hold that the electors, at the annual town meeting, are authorized to levy taxes in anticipation of demands that will thereafter arise against the town, for services rendered by its officers, and for other proper charges of like character; that when the auditors make their certificate to the town clerk of claims and demands allowed, such allowances should be immediately paid, provided there is money on hand in the proper fund or funds sufficient for the purpose, the deficiency, if any, to be included by the town clerk in the next certificate of levy made by him, the amount of such deficiency to be in addition to the amount of the levy made by the electors at their annual meeting. By pursuing this course, the town will ordinarily have on hand funds to meet its current expenses as they arise, and in case of a deficiency, the same will be met by a levy made upon the auditors' certificate.

The certificate of the road and bridge tax for the town of Long Creek did not state the total sum required, but specified that the amount was sixty cents on each $100 valuation. This town is under the "labor" system, and the commissioners attempted to act under section 119 of chapter 121, Hurd's Revised Statutes of 1903. The certificate recited the purposes for which the amount was required, but did not specify the amount required for each purpose or the total amount of the levy. The record of the commissioners' meeting at which the levy was made being introduced in evidence, showing the amounts required for the several purposes respectively, and the total sum, the court permitted the certificate to be amended by inserting the total amount required as shown by the record of the commissioners. The objection made is that the certificate, as amended, does not show the amount required for each of the several purposes specified in the certificate.

We have considered this question at the present term of this court in the case of *Cincinnati, Indianapolis and Western Railway Co.* v. *People*, 212 Ill. 518, and determined that the defect pointed out by this objection is not fatal to the tax.

The document from which the county clerk extended the road and bridge tax for the town of Blue Mound, at the rate of eighty cents on each $100 of valuation, stated that the rate per cent agreed upon by the commissioners of highways, at their semi-annual meeting, was sixty cents. This document is signed by the three commissioners of highways and is not certified by the town clerk. Attached to it was the written consent of the assessor and board of town auditors, granted upon the petition of the commissioners, for an additional levy, not exceeding twenty cents. The certificate of the commissioners of highways filed in the office of the town clerk was received in evidence and showed the rate per cent to be eighty cents instead of sixty cents, and the town clerk testified that by mistake he wrote sixty cents in the document filed with the county clerk, and which he copied from the one filed with him, instead of eighty cents as specified in the latter document. Thereupon the court permitted the People to amend the paper filed with the county clerk, on which the tax had been extended, by substituting eighty cents for sixty cents, and gave leave to the town clerk to file a certificate of the levy as of September 3, 1903. The town clerk thereupon made a certificate of the levy and dated the same September 1, 1903, and the same was filed by the county clerk, during the progress of the trial of this cause, on June 15, 1904, as of September 3, 1903. The objection made to this tax is that there was no certificate of the town clerk on file with the county clerk when this tax was extended, and that the filing of the certificate on June 15, 1904, came too late to obviate this objection.

The town is under the "cash" system, and the tax was levied by the commissioners of highways under sections 13 and 14 of chapter 121, Hurd's Revised Statutes of 1903.

Section 16 of that chapter directs that the certificate made by the commissioners shall be lodged with the town clerk, and that the town clerk shall certify the levy to the county clerk to be by him extended. In this case, the town clerk did not certify the levy, but, instead, filed with the county clerk the original certificate made by the commissioners, accompanied by their petition to the assessor and board of auditors and the consent of the last mentioned officers to the additional levy.

In *Village of Russellville* v. *Purdy,* 206 Ill. 142, we held, under a statute requiring that a certified copy of the tax levy ordinance of a city or village shall be filed with the county clerk as a warrant for extending the tax levied by the ordinance, that filing the original of the tax levy ordinance or the original of the appropriation ordinance upon which the tax levy was based, would not authorize the clerk to extend the tax. The same rule must prevail here. The town clerk failed to file a certificate of the levy. There was nothing to amend. The certificate of the levy of the tax is jurisdictional. (*People* v. *Chicago and Northwestern Railway Co.* 183 Ill. 311; *Indiana, Decatur and Western Railway Co.* v. *People,* 201 id. 351.) Had the clerk filed a certificate which varied from the certificate filed with him by the highway commissioners, that variance might have been cured by amendment; not so, however, where he failed entirely to file the certificate required by the statute.

The objection made to the city tax of the city of Decatur was that it did not appear that the amounts levied for various purposes by the tax levy ordinance had been appropriated for the purposes mentioned in that ordinance.

Within the first quarter of the fiscal year, the city council of the city of Decatur passed the annual appropriation bill, properly specifying the objects and purposes for which the appropriations were made and the amount appropriated for each purpose, the aggregate of the appropriations being $165,000. On the fourth day of September, 1903, the coun-

cil passed the annual tax levy ordinance, which specified in detail the objects and purposes for which the tax was to be levied and the amount levied for each purpose or object, a certified copy of which was the county clerk's authority for extending the city tax objected to. The total amount levied was $99,755.80. Each object and purpose specified in the tax levy ordinance as an object and purpose for which the tax is levied is specified in the appropriation bill as an object and purpose for which money is appropriated. In some instances, the amount appropriated is in excess of the amount levied. In no instance is the amount levied for a particular purpose in excess of the amount appropriated for that purpose. We do not think the fact that the amount levied is less than the amount appropriated a valid objection to the tax where the purpose for which the levy is made is the same for which the appropriation is made. Here the purposes for which the levy was made are the same as those for which the appropriations were made, and the tax should be regarded as levied to meet in part the appropriation bill.

The judgment of the county court will be reversed as to the county tax, the town taxes of the towns of Decatur and Blue Mound and the road and bridge tax of the town of Blue Mound, and will be affirmed as to the town tax of the town of Long Creek, the road and bridge tax of the town of Long Creek and the city tax of the city of Decatur, and judgment will be entered in this court against appellant for the town tax of the town of Long Creek in the sum of $44.05, and in addition thereto five per cent damages thereon, for the road and bridge tax of the town of Long Creek in the sum of $229.83, and in addition thereto five per cent damages thereon, and for the city tax of the city of Decatur in the sum of $256.05, and in addition thereto five per cent damages thereon, and the clerk of this court is directed to transmit to the county collector of Macon county a certified copy of the judgment herein.

*Affirmed in part and judgment in this court.*