THE PEOPLE *ex rel.* Arthur A. Correll, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 17, 1907.*

1. TAXES—*a county tax levy for "general fund" is invalid.* A county tax levy for "general fund" is not sufficiently specific under section 121 of the Revenue act, and is, as to such item, invalid, notwithstanding the other purposes for which specific amounts are included in the levy are stated separately, in compliance with the statute.

2. SAME—*several purposes of town and village taxes must be specified in detail.* Levies for town, city or village taxes must specify in detail the several purposes for which the tax is levied, and the terms "contingent expenses," "general expenses" and "contingent and general fund" are not sufficiently definite to comply with the statute.

3. SAME—*object of section 121 of Revenue act is to prevent unjust taxes.* The object of section 121 of the Revenue act, and of other similar statutes requiring taxing authorities to specify the various amounts and purposes of the tax, is to furnish definite information to the tax-payer, so that he can, if necessary, prevent an unjust levy.

APPEAL from the County Court of Crawford county; the Hon. J. C. MAXWELL, Judge, presiding.

C. S. CONGER, and CALLAHAN, JONES & LOWE, for appellant.

W. H. STEAD, Attorney General, and WM. A. THOMPSON, State's Attorney, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was an application to the June term, 1907, of the county court of Crawford county, by Arthur A. Correll, as county collector, against the property of the appellant, the Cleveland, Cincinnati, Chicago and St. Louis Railway

231—14

Company, for a judgment and order of sale for certain taxes extended by the county clerk of said county for the year 1906. The railway company appeared and filed objections to the rendition of judgment and order of sale against its property for the following taxes: County tax, $141.21; town tax of the town of Robinson, $41.71; village tax of the village of Hutsonville, $38.99; village tax of the village of Flat Rock, $39.82. The county court overruled said objections and rendered judgment and order of sale against the appellant's property, and it has prosecuted this appeal.

The record shows a levy by the county board of Crawford county of $20,000 for county purposes, as follows: Pauper fund, $5000; circuit court, $3000; county court, $2000; court house, $1000; county infirmary, $1000; stationery, $1000; county board, $1000; county jail, $500; births and deaths, $500; general fund, $5000.

The appellant contends the last item of said tax levy, viz., "general fund, $5000," is not sufficiently specific under the requirements of section 121 of chapter 120 of the Revised Statutes, (Hurd's Stat. 1905, p. 1662,) entitled "Revenue," which section, after providing that the county boards of the respective counties of the State shall annually, at their September session, determine the amount of all taxes to be raised for county purposes, requires that when taxes are to be raised for several purposes, "the amount for each purpose shall be stated separately." The question covered by this objection was considered by this court in *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 213 Ill. 197, *Chicago, Burlington and Quincy Railroad Co.* v. *People,* id. 458, *Chicago and Eastern Illinois Railroad Co.* v. *People,* 214 id. 23, and *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 224 id. 523, where it was held that a tax levied under said section was illegal and void when levied for several purposes without stating the amount for each purpose separately. In *Cincinnati, Indianapolis*

*and Western Railway Co.* v. *People, supra,* the levy was for "current expenses;" in *Chicago, Burlington and Quincy Railroad Co.* v. *People, supra,* the levy was for "county purposes;" in *Chicago and Eastern Illinois Railroad Co.* v. *People, supra,* the levy was was for "county revenue;" and in *People* v. *Cincinnati, Indianapolis and Western Railway Co. supra,* the levy was "for payment of county claims, (janitor's services, supplies, repairs, improvements and current expenses,) $12,000," and each of said tax levies was held to be illegal and void.

It is sought by the appellee to distinguish this case from those cases on the ground that said tax levy sufficiently designates the different purposes for which said tax levy was made, in this: that the different items mentioned in said tax levy are sufficiently specific and fully comply with the requirements of a statute which requires a tax levy, when for several purposes, to state the amount of each purpose separately, while in each of those cases the entire tax was levied as one amount and for a single purpose, as for "current expenses," or for "county purposes," etc. It is the object of said section 121, and similar statutes, to give the tax-payer an opportunity to know for what purpose taxes are being levied and collected, and to give him an opportunity, if necessary, to prevent an unjust levy for the purpose of taxation. (*Chicago, Burlington and Quincy Railroad Co.* v. *People, supra.*) We think, therefore, the fact that some of the purposes, and the amounts thereof, which go to make up a tax levy are properly stated by the authorities making the levy does not authorize the taxing body to include in the tax levy a general item, such as a tax for "general fund," as under the designation "general fund" the taxing body, in a levy like this, might include matters which they were not authorized to include in such tax levy, and the tax-payer would, by the method of making such tax levy, be unable to discover that improper matters were included in the tax levy.

It is also urged that it is impracticable for the county boards to state specifically all the purposes for which taxes are to be levied. While it is not necessary that each purpose for which a tax is levied be minutely described, it is the duty of the authorities levying a tax under a statute which requires the purpose for which the tax is to be levied, and the amount thereof, to be stated, to specify the various purposes of the tax levy with reasonable certainty, and to state that $5000 of the tax levy is made to produce a "general fund" is not sufficient. *Chicago and Eastern Illinois Railroad Co.* v. *People, supra.*

The town tax of the town of Robinson was itemized, and included an item of $650 for "contingent expenses;" the village tax of the village of Hutsonville was itemized, and included an item of $700 for "general expenses;" and the village tax of the village of Flat Rock was itemized, and included an item of $245 for "general and contingent fund." It has been repeatedly held by this court that under the statutes of this State now in force a levy for town taxes or a levy for city or village taxes must specify in detail the several purposes for which the tax is levied; (*People* v. *Peoria, Decatur and Evansville Railroad Co.* 116 Ill. 410; *Cincinnati, Indianapolis and Western Railway Co.* v. *People, supra;*) and that the designation of a tax for "town purposes," or other similar designation, is not sufficiently definite, and in numerous instances such tax levies have been held to be invalid. We are of the opinion that all of said tax levies, in the particulars pointed out, were illegal, and that the county court erred in overruling all of the objections of the appellant.

The judgment of the county court of Crawford county will therefore be reversed and the cause remanded to that court for further proceedings in accordance with the views hereinbefore expressed.                    *Reversed and remanded.*