THE PEOPLE *ex rel.* John A. Bingham, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1911.*

1. TAXES—*item of a county tax levy described as "to revenue" is too indefinite.* An item of a county tax levy described as "to revenue, $5000," is too indefinite and uncertain to comply with the provision of the statute requiring the purposes for which taxes are levied by a county to be specified.

2. SAME—*effect where town clerk's certificate of levy is for "all town purposes."* Upon application for judgment and order of sale, where the record of the town meeting is introduced and shows the town tax levy to have been made for lawful purposes and designates the amount levied for each purpose, the tax should be sustained even though the certificate of the town clerk merely states that the tax was levied "for all town purposes."

3. SAME—*when tax levy for road and ditch damages is invalid.* A tax levy "to liquidate road and ditch damages" is invalid, where it is shown by the testimony of the highway commissioners that no such damages had been agreed upon, allowed or awarded under section 15 of the Roads and Bridges act.

APPEAL from the County Court of Jo Daviess county; the Hon. JOHN C. BOEVERS, Judge, presiding.

HODSON & CAMPBELL, (J. A. CONNELL, of counsel,) for appellant.

FRANK T. SHEEAN, State's Attorney, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This appeal is prosecuted by appellant from a judgment of the county court of Jo Daviess county against it for certain taxes levied and extended against its property. The questions raised by this appeal in appellant's brief are, the correctness of the judgment of the county court in overruling the appellant's objection to the validity of the levy of $5000 of the county tax, overruling its objection to the validity of the town tax for the town of Rice, and overruling its objection to a part of the road and bridge tax for the town of Hanover.

The county board levied $60,000 for county purposes and specifically named the purposes for which the amount was levied. Among the purposes specified is "to revenue, $5000." The objection to this tax was, that it is not a sufficient compliance with the statute requiring the purposes for which the tax was levied to be designated. We think, under the authority of *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 231 Ill. 209, and *People* v. *Illinois and Indiana Railroad Co.* 231 id. 377, and cases cited therein, this objection should have been sustained.

The fourth objection filed in the court below by appellant was to the town tax of five different townships, but the court's ruling upon said objections is questioned as to the town tax for only the town of Rice. Appellant, in stating the questions it desires this court to consider, mentions "the fourth objection, wherein appellant objects to the town tax of Rice on the ground that the levy for 'town purposes'

is improper," and refers to no other town tax. The certificate of the town clerk of the town of Rice recited that the sum of $100 was required to be raised "for all town purposes." All the authorities hold that the levy for town taxes must be for the purposes for which a town tax is authorized to be levied, and if for more than one purpose the record must show the amount levied for each purpose. We are of opinion, however, that the purposes for which the levy was made need not be shown by the town clerk's certificate in order to make the tax valid. Upon application for judgment, where the record of the town meeting is introduced and shows the levy to have been made for lawful purposes and designates the amount levied for each purpose, the tax should be sustained, even if the certificate of the town clerk merely shows the tax was levied for . town purposes. Here the appellee introduced the record of the town meeting, which specified that $75 was levied for compensation of town officers and $25 for contingent expenses, making a total of $100, and the town clerk was authorized to certify the same to the county clerk as a town tax levy. This, we think, was sufficient and justified the county court in overruling appellant's objection to this tax.

The objection to the road and bridge tax of the town of Hanover, as stated in the abstract, is, that thirty-six cents on the $100 was extended under a levy made under section 13 of the Road and Bridge act and twenty cents additional under section 15 of said act, "to liquidate road and ditch damages." The objection is made to the twenty cents levy under section 15. Section 15 of the Road and Bridge act authorizes a levy of twenty cents on the $100 "when damages have been agreed upon, allowed or awarded for laying out, widening, altering or vacating roads or for ditching to drain roads," for the purpose of paying such damages. Neither the certificate of the commissioners nor the clerk's record shows that any damages had been agreed

upon, allowed or awarded for any of those purposes. It is clearly shown by the testimony of one of the commissioners who made the levy that no damages had been agreed upon, allowed or awarded under section 15. The levy under that section was therefore invalid, and the court erred in not so holding and sustaining appellant's objection to judgment for that tax. *People v. Cairo, Vincennes and Chicago Railway Co.* (*ante*, p. 395.)

Appellant has argued in its brief that the tax in the town of East Galena was extended at a rate in excess of that allowed by law. The third objection of appellant is "to the tax mentioned in paragraphs 1 and 2 of this defense, on the ground that the rate extended is in excess of the rate authorized when reduced under the requirements of the statute, and the same is excessive, as shown by the amount of the tax and the rates as extended by the county clerk." Paragraph 1 referred to is an objection to the levy of $4000 for "court house and jail." Paragraph 2 is an objection to the levy of $5000 for "revenue" and $11,000 for "miscellaneous." The county court sustained the objections to the levy for "court house and jail" and also the levy for "miscellaneous." Its objection to the levy of $5000 for "revenue" was overruled by the county court, but as we hold that it should also have sustained the objection to that levy, it will be unnecessary to further consider the question as to the extension of taxes for these purposes.

The only reference to any other tax in this township to which the objection is made that it was illegally extended at a rate in excess of that allowed by law, is to the road and bridge tax contained in the sixth objection. This objection was also sustained by the county court. As there are no specific objections made to any other tax in this township we will not consider the question whether any has been illegally extended.

The judgment of the county court in overruling the objections to the $5000 county tax for "revenue" and the

road and bridge tax of the town of Hanover levied under section 15 is reversed and in all other respects it is affirmed and the cause remanded to the county court, with directions to enter judgment in accordance with the views herein expressed.

*Reversed and remanded, with directions.*