THE PEOPLE *ex rel.* John P. Martin, County Collector, Defendant in Error, *vs.* W. N. ROBESON *et al.* Plaintiffs in Error.

*Opinion filed February 23, 1912.*

1. TAXES—*when a certificate sufficiently complies with vote to levy tax to construct "gravel roads."* Where the petition, notice of election and the vote is for levying a tax to construct "gravel roads," a certificate of the highway commissioners levying a tax for constructing "hard roads" and referring to the vote upon the proposition is sufficient to sustain the tax, as a gravel road is a hard road. (*People* v. *Kankakee and Seneca Railroad Co.* 248 Ill. 114, explained.)

2. SAME—*copy of certificate of levy filed before taxes are extended is filed in time.* Where a certificate of levy is made in duplicate each paper is an original, and the filing of one of them with the county clerk does not satisfy the statute requiring the filing of a certified copy, but the paper so filed may be withdrawn and a certified copy filed in its place before the tax is extended thereon.

3. SAME—*when county clerk may put file-mark upon copy of a certificate of levy, on application for judgment.* If a certified copy of the certificate of levy of a tax to construct gravel roads is filed with the county clerk before the tax is extended but the clerk neglects to put his file-mark thereon, the court may, upon application for judgment and order of sale, permit the file-mark to be put on *nunc pro tunc* as of the day the copy was, in fact, filed.

4. SAME—*hard road tax may be levied from year to year during period.* While a levy for the full period for which a tax to construct hard roads is voted is not improper, yet there is no reason why levies cannot be made from year to year during such time.

5. SAME—*fact that town clerk copies certificate of levy in wrong book does not defeat tax.* The fact that the town clerk copies the certificate of levy of a hard roads tax in the town clerk's record instead of the highway commissioners' record does not defeat the tax.

6. SAME—*when complaint that method of proving proceedings was wrong cannot be made on appeal.* Where no objection is made in the trial court as to the method of proving what was done at the meeting of the highway commissioners at which a certificate of levy was made, complaint cannot be made, on appeal, that such method was wrong.

WRIT OF ERROR to the County Court of Lawrence county; the Hon. J. A. BENSON, Judge, presiding.

George W. Lackey, for plaintiffs in error.

B. O. Sumner, State's Attorney, and McGaughey & Tohill, for defendant in error.

Mr. Justice Cartwright delivered the opinion of the court:

The county court of Lawrence county overruled objections of plaintiffs in error to the application of the county collector for a judgment against their lands for a delinquent special tax of the town of Allison for the construction and maintenance of hard roads, and rendered the judgment applied for, with an order of sale. A writ of error was sued out of this court by the plaintiffs in error, and they ask for a reversal of the judgment.

The objections presented in the brief and argument for plaintiffs in error are, that the certificate of the levy made by the commissioners of highways did not correspond with the petition or vote for the tax; that the original certificate of the commissioners was filed with the county clerk, and not a certified copy, as required by the statute; that these defects could not be cured by afterward filing a certified copy or by amendment on the hearing; that the oral evidence of what was done at the annual meeting of the commissioners, when the certificate was made, could not supply the place of the record, and that the levy was for only one year when it should have been for five years.

A petition, signed by twenty-five per cent of the land owners in the town of Allison who were legal voters, was filed with the town clerk, requesting him to give notice for a vote, at the annual town meeting in 1910, for or against levying a tax of one dollar on each $100 assessed valuation of taxable property for the years 1910, 1911, 1912, 1913 and 1914, for the purpose of constructing and maintaining gravel roads on five public highways described in the petition. The town clerk gave notice in accordance with the

petition and the law, and at the annual town meeting the vote was in favor of the levy of the special tax. The commissioners of highways, at their meeting on September 6, 1910, made a certificate in duplicate, addressed to the town clerk, levying a tax of one dollar on the $100 valuation for the purpose of constructing hard roads, referring in the certificate to the vote held in the town in conformity with the statute. The objection to the certificate is that the levy was for a tax for "hard" roads while the vote was for "gravel" roads. The statute authorizes the construction of hard roads of different kinds, and the land owners exercised their right to determine by their petition what kind of hard roads they would build. If the tax had been for a different kind of road or had authorized the expenditure of the tax for a different kind it would have been invalid, but that was not the fact. A gravel road is a hard road, and the certificate referred particularly to the vote, so that the money, when raised, could not be spent for constructing any other than gravel roads. The real infirmity in the tax held void in the case of *People* v. *Kankakee and Seneca Railroad Co.* 248 Ill. 114, was, that there never was a vote upon the proposition contained in the petition. The petition was for a tax to be used in constructing macadamized roads, but the notice for the vote, and the vote itself, was for levying a tax for the purpose of constructing and maintaining gravel, rock, macadam or other roads, for which there was no petition. It was held that the highway commissioners acquired no right to levy any tax because the question which the land owners authorized to be submitted was never voted upon at all. There was no authority to make any levy, and if the certificate had been for macadamized roads it would have been unauthorized, but it contained the same vice as the notice and vote in not following the petition. This is not a case where the commissioners attempted to levy a tax for a different purpose from that specified in the petition and vote. On the hearing the court

permitted an amendment of the certificate, but the amendment was not necessary, and whether it was properly allowed or not is immaterial.

The certificate of the commissioners having been made in duplicate, each paper was an original, and the town clerk, instead of making a certified copy, filed one of the original papers with the county clerk September 13, 1910. The paper filed did not appear to be a copy and there was nothing about it which would justify the county clerk in accepting or treating it as a copy, so that it was insufficient to authorize the county clerk to extend the tax. (*Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 213 Ill. 197; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 247 id. 327.) Afterward the town clerk was advised by counsel that filing the original was not a compliance with the law, and on December 16, 1910, before the tax was extended, he withdrew the original and filed a certified copy, as required by the statute. The county clerk extended the tax upon the tax books by virtue of this certified copy. The county clerk failed to put a filing mark on the certified copy, and on the hearing the court directed the county clerk to mark it filed *nunc pro tunc* as of December 16, 1910, which was proper. There was no time fixed by the statute within which the certificate was required to be filed, and if there had been, the failure to file it within such time would not affect the tax if it was filed before the tax was extended. *Buck* v. *People,* 78 Ill. 560; *Chiniquy* v. *People,* id. 570; *Moore* v. *Fessenbeck,* 88 id. 422.

Oral evidence of what was done at the meeting of the highway commissioners when the certificate of levy was made was admitted without objection, but it is now insisted that the acts of the commissioners could only be proved by their record, or that a record was necessary to sustain the tax. The town clerk did not make a record of the meeting in the highway commissioners' record but copied the certificate of levy in the town clerk's record. No ob-

jection having been made to the manner in which the proceedings were proved, complaint cannot now be made that the method was wrong, and the fact that the town clerk made a record of the proceedings in one book rather than another did not affect the tax.

It is objected that the tax ought to have been levied for the full five years, and it would have been proper to have done that. (*People* v. *Illinois Central Railroad Co.* 237 Ill. 154.) While such a levy would be unobjectionable, there is no reason why levies should not be made from year to year during the term, and it was not a valid ground of objection that more taxes were not levied than the one for which judgment was asked.

The judgment is affirmed.

*Judgment affirmed.*