THE PEOPLE *ex rel.* Charles E. Robinson, County Collector, Appellee, *vs.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1915.*

1. TAXES—*record of meeting of highway commissioners may be amended to show the facts.* The record of the meeting of highway commissioners for the purpose of fixing the rate of taxes for road and bridge purposes may, upon sufficient proof, be amended to show the facts.

2. SAME—*it is not necessary that time of meeting be named by president and a record of it made.* The Roads and Bridges act of 1913 does not require that the time of the meeting of the highway commissioners to fix the road and bridge tax rate shall be designated by the president at a previous meeting of the board and a record of it made.

3. SAME—*what need not be stated in certificate of levy.* The certificate of the amount required for road and bridge purposes need not state why it is necessary to levy the particular amount specified nor specify the particular purpose of the levy, except that it is for road and bridge purposes.

4. SAME—*certificate of levy may be amended to show year for which tax is levied.* The certificate of the amount required for road and bridge taxes may be amended, on application for judg-

ment and order of sale, so as to show the year for which the tax is levied.

5. SAME—*road tax extended at a higher rate than that fixed is illegal as to excess.* Road and bridge taxes extended against the property of an objector at a higher rate than was fixed at the meeting of the highway commissioners is illegal as to the excess. ·

COOKE, J., dissenting.

APPEAL from the County Court of Kankakee county; the Hon. J. H. MERRILL, Judge, presiding.

W. R. HUNTER, for appellant.

WAYNE H. DYER, State's Attorney, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Kankakee county against the property of appellant for delinquent road and bridge taxes in the town of Kankakee.

It is first objected that no meeting of the commissioners of highways was legally held between the first Tuesdays in August and September, and that at the meeting held August 25 the commissioners did not fix the tax rate, but levied, or attempted to levy, a tax. The commissioners of highways held a meeting at a time designated by the president of the board, August 25, 1914, at which meeting they determined upon a tax rate of thirty cents on each $100 for road and bridge purposes. The record of the meeting kept by the clerk recited that it was a special meeting called for the purpose of a tax levy but did not state the year for which the tax was to be levied. After hearing parol proof the court permitted this record to be amended so as to show that the meeting was called by the president of the board for the purpose of fixing the rate for road and bridge tax for the year 1914. Appellant objected to the action of the court in hearing the testimony and permitting the amendment of the record. There was no error in the ruling of

the court in this respect. Such records may be amended, upon sufficient proof, to correspond with the facts. *Indiana, Decatur and Western Railway Co.* v. *People,* 201 Ill. 351; *Chicago and Northwestern Railway Co.* v. *People,* 184 id. 240.

It is also contended by appellant that to have made the meeting of August 25 a legal meeting it was necessary that at some previous meeting of the board the president should have designated the time for holding the meeting to fix the tax rate, and a record of such action should have been preserved. The requirement of the statute is that a regular semi-annual meeting between the first Tuesdays in August and September, at a time to be named by the president, shall be held for the purpose of determining the tax rate. It was not required that the time of this meeting should be designated by the president at a meeting of the board and a record of it made. As amended, the record of the meeting of August 25 was in substantial compliance with the statute. It is true it originally stated the meeting was held for the purpose of a tax levy. This was merely an erroneous use of words by the clerk, as the commissioners could only fix the rate, and that is the effect of their action.

It is further objected that the certificate made September 1 of the amount required to be levied for road and bridge purposes, and filed with the board of supervisors, does not state that the amount certified was necessary nor state sufficient facts to give the county board jurisdiction. It was not required that they should state why it was necessary to levy the amount certified nor the particular purposes of the levy, except that it was for road and bridge purposes. The certificate was dated September 1, 1914, but did not state the year for which the tax was to be levied. The court permitted it to be amended by inserting "for the year 1914." There was no error in this action of the court.

The tax rate fixed by the commissioners at their meeting in August was thirty cents on the $100 valuation. The

amount necessary to be raised, as certified at the meeting held the first Tuesday in September, $15,500, was extended against appellant's property and made the rate thirty-four cents on each $100. To the extent that the tax against appellant's property exceeded the rate of thirty cents on the $100 it is invalid, and the court should have sustained objections to that amount and rendered judgment against appellant's property for the amount that would have been produced by a tax rate of thirty cents on the $100 valuation.

The judgment of the county court is reversed and the cause remanded, with directions to render judgment in conformity with the views expressed in this opinion.

*Reversed and remanded, with directions.*

Mr. JUSTICE COOKE, dissenting:

I can conceive of no other purpose for the holding of two meetings, as provided by sections 50 and 56 of the Road and Bridge act, than that the people should be apprised of the intention of the commissioners of highways in reference to the amount of tax proposed to be levied. It would avail the tax-payer nothing if he were simply to be apprised of such intention without any opportunity to present his views to the commissioners of highways. In my opinion the intention of the act is to have the commissioners fix such rate as they deem to be necessary at the first meeting, and that any tax-payer should have the right to appear at the second meeting and present any reason he may have for urging that a higher or lower rate should be established than that fixed by the commissioners at the first meeting. If the commissioners are unalterably committed to the rate fixed at the first meeting, then the provision for the holding of two meetings in reference to fixing the amount of money to be raised by taxation for road and bridge purposes is entirely unnecessary.