THE PEOPLE *ex rel.* Charles E. Robinson, County Collector, Appellee, *vs.* THE CINCINNATI, LAFAYETTE AND CHICAGO RAILROAD COMPANY, Appellant.

*Opinion filed February 16, 1916.*

1. TAXES—*day for meeting to fix rate need not be fixed in advance at some other meeting.* It is not necessary, under section 50 of the Roads and Bridges act of 1913, that the president of the highway commissioners name or designate at any regular or special meeting the time for the meeting to fix the rate of tax for road and bridge purposes, but the record must show the meeting, that the rate was then and there determined, what such rate is and for what year.

2. SAME—*record of highway commissioners may be amended to show the fact.* The record of the highway commissioners may be amended, upon a proper showing, to speak the truth, where it fails in certain particulars by the omissions of the clerk.

3. SAME—*statute does not require record to be kept in any particular book.* The statute does not require the record of the highway commissioners to be kept in any particular book or character of book, and the fact that the clerk has kept the record in the town auditor's record book is not a valid objection to such record.

4. SAME—*road tax at higher rate than fixed is illegal as to excess.* It is proper for the county clerk to extend road and bridge taxes at the rate required to produce the amount certified by the highway commissioners, but if such rate exceeds the rate previously determined by the commissioners the tax is illegal as to the excess.

APPEAL from the County Court of Kankakee county; the Hon. JAY H. MERRILL, Judge, presiding.

W. R. HUNTER, for appellant.

WAYNE H. DYER, State's Attorney, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The Cincinnati, Lafayette and Chicago Railroad Company has appealed from a judgment of the county court of Kankakee county rendered against its property for the de-

linquent road and bridge taxes in the towns of St. Anne, Aroma and Kankakee.

The objections urged here are, (1) that the highway commissioners did not fix the day for the regular semi-annual meeting; (2) that they did not meet on any day required by statute to determine the rate; (3) that they did not meet on the first Tuesday in September and determine and certify the amount necessary to be raised by taxation for the proper construction, maintenance and repair of roads and bridges; (4) that the rate extended by the county clerk exceeded the rate fixed by the highway commissioners.

*First and second*—Under section 50 of the Roads and Bridges act of 1913 it is not necessary that the president of the highway commissioners name or designate at any regular or special meeting the time for their regular semi-annual meeting in August to fix the rate of taxation. The rate of taxation is properly determined by the board of commissioners if the president and the board meet at the proper or usual place in their town at any time between the first Tuesday in August and the first Tuesday in September and fix the rate to be certified by them to the county board. Their record, as a matter of course, should show this meeting and that the rate was then and there determined by the board and for what year and at what rate it was fixed by the board. The record shows that the tax rate was properly determined in all of said townships.

*Third*—The records of the highway commissioners in said towns also show that they did meet on the first Tuesday in September and determine and certify the amount necessary to be raised by taxation for the proper construction, maintenance and repair of roads and bridges for the year 1914. The basis of appellant's claim that the records of the commissioners of highways of said towns did not show a compliance with the statute in regard to fixing the rate of taxation and in determining the amount of the road and bridge taxes to be levied is, that their records failed

to show such compliance at the time appellant's objections were made. The court, at the trial, allowed some of the records to be amended after hearing parol evidence, over the objections of appellant. Such records may be amended to speak the truth, upon proper showing, where they fail in certain particulars by omissions of the clerk. "The right to make such an amendment does not depend upon section 191 of the Revenue act, but it is common to legislative bodies and collective bodies generally." (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. ante,* p. 195.) The court therefore properly overruled appellant's objections to the amended records as well as the objection to the record of the highway commissioners of the town of St. Anne, which had been kept by the clerk in the town auditor's record. The statute requires no particular character of book for a record of the board of commissioners. *People* v. *Robeson,* 253 Ill. 456.

*Fourth*—In the town of Kankakee the commissioners at their regular semi-annual meeting fixed the rate of taxation at thirty cents. At their meeting on the first Tuesday in September they determined and certified that $15,500 was necessary for the proper construction, maintenance and repair of roads and bridges, and the county board approved that amount, and the clerk extended the taxes at the rate of thirty-four cents because it required that rate to raise the amount certified. It was proper for the clerk, under the statute, to fix the rate required to raise the amount certified. The taxes, however, are illegal to the extent that the rate fixed by the county clerk exceeded the rate fixed by the highway commissioners. The commissioners had no right or power to ask for the raising of a sum by taxation exceeding the amount indicated by the rate fixed by themselves. *People* v. *New York Central Railroad Co.* 270 Ill. 636.

The judgment of the county court is therefore affirmed except as to the road and bridge taxes of the town of Kan-

kakee, and the judgment in favor of that township is reversed and the cause remanded, with directions to render judgment for the road and bridge tax of that township assessed against the appellant except as to the excessive rate aforesaid.

*Reversed in part and remanded, with directions.*