THE PEOPLE *ex rel.* James Ryan, County Collector, Appellant, *vs.* THE CHICAGO AND ALTON RAILROAD COMPANY, Appellee.

*Opinion filed June 22, 1916.*

TAXES—*when leave to amend record should be granted.* Leave to amend the record to show that the highway commissioners held a meeting on the first Tuesday in September, at which the amount required for roads and bridges was determined, should be granted, where the certificate of levy filed with the county clerk bears such date and is for a definite amount, and where the president of the board of highway commissioners testifies that the meeting was held and the proper action taken, and the town clerk testifies to the same effect, although at the beginning of the hearing the town clerk had testified that no such meeting was held, after which testimony the commissioners held a special meeting and passed a resolution reciting the fact of the holding of the meeting and the omission of the clerk to make a record of it and directing the record to be amended to show the facts.

APPEAL from the County Court of Logan county; the Hon. CHARLES J. GEHLBACH, Judge, presiding.

274 – 14

EVERETT SMITH, State's Attorney, (P. J. LUCEY, Attorney General, of counsel,) for appellant.

W. A. COVEY, (SILAS H. STRAWN, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Logan county sustaining objections of the Chicago and Alton Railroad Company to the road and bridge tax of the township of East Lincoln, in said county. Other objections were made to judgment, but the only one raised and argued on the appeal is that the highway commissioners did not hold a meeting the first Tuesday in September to determine and certify the amount required for road and bridge purposes, as required by section 56 of the Road and Bridge law. It is conceded the meeting to determine the rate was held as required by section 50.

On the hearing before the county court, appellee, to sustain its objections, offered in evidence the certificate of levy or amount required, filed by the commissioners of highways with the county clerk. It was dated September 1, 1914, (which was the first Tuesday of the month,) was signed by all the commissioners, was in proper form and stated the amount determined upon was $10,070.50. The appellee then called the town clerk and asked him to produce the records of the meetings of the commissioners of East Lincoln township. He did so, and the record of the meeting held between the first Tuesday in August and the first Tuesday in September, at which the rate was determined, was offered in evidence. The town clerk was examined by appellee and testified no meeting was held by the commissioners to determine the amount required; that they just determined the rate; that if such meeting had been held there would have been a record of it in the record book he produced, and that there was no record of any such meeting.

Appellant reserved the right to cross-examine the witness and the further hearing of the objections was continued to July 6. Subsequently, at the further hearing of the objections, appellant filed a motion for leave to amend the record of the commissioners of highways to show there was a meeting held the first Tuesday in September, at which time the amount of taxes required for the construction, maintenance and repair of roads and bridges was determined upon and the certificate of levy filed with the county board made. W. J. Houston, president of the board of commissioners, was called as a witness, and testified the meeting was held, the amount determined upon and the certificate made and signed. He further testified all the commissioners and the town clerk were present; that the certificate made at the meeting, and which was in evidence at the hearing, was delivered to the town clerk to file with the county clerk, and that a duplicate of it was filed with the town clerk. He testified the commissioners first learned no record of the meeting had been made during the trial on the objections of appellee, July 2; that he then called a special meeting of the commissioners to be held July 3, at which meeting all the commissioners and the town clerk were present. At that meeting the record was amended to show the holding of the meeting on the first Tuesday in September and the determination of the amount required. The town clerk was also called by appellant, and testified that the meeting the first Tuesday in September was held and that he neglected to make a record of it. He testified he and all the commissioners were present at the meeting, and that the certificate of the amount required was made at the meeting and filed by him with the county clerk the same day. He further testified he was present at the meeting held July 3, when the proposed amendment was made to show the meeting was held. Permission was then asked to amend the record in accordance with the facts, and the amendment proposed was produced and offered in evidence

by appellant. Appellee objected to the permission being granted and the amended record being received in evidence. The objection was sustained, the leave asked by appellant denied, and appellee's objection to the tax for the town of East Lincoln was sustained and judgment for the tax denied.

That the record of the meetings of the commissioners of highways may be amended to speak the truth has been frequently and recently decided. (*People* v. *Cincinnati, Lafayette and Chicago Railroad Co.* 271 Ill. 487; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* id. 611.) Indeed, this is not questioned by appellee, but the contention is that the proof to authorize granting permission to amend must be clear and satisfactory, (*People* v. *Illinois Central Railroad Co.* 271 Ill. 213; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 206 id. 565;) and that the proof in this case upon which the application for leave was based did not meet that requirement. It is true, the town clerk, when called as a witness by appellee, testified no meeting was held the first Tuesday in September, that no record of such meeting appeared in the record book kept by him, and that if such a meeting had been held it would have appeared in the book. This testimony occurred on the hearing July 2, and the president of the board of commissioners testified that was the first knowledge the commissioners had that no record of the meeting, which was in fact held, had been made by the clerk. He testified in positive and direct terms the meeting was held and that all the commissioners and the town clerk were present, and the resolutions adopted by the commissioners at the special meeting held July 3, at which they were all present, recited the·holding of the meeting the first Tuesday in September, who were present, what was done at the meeting, that the town clerk had neglected to make a record of the meeting, and directed the record be amended in accordance with the facts. The town clerk was called by

appellant and testified that the meeting was held and that he neglected to make a record of it. He was not asked by appellant or appellee to explain his former testimony that no meeting was held the first Tuesday in September and volunteered no explanation. Notwithstanding his contradictory testimony, we think the proof was sufficient to authorize permitting the amendment and the introduction in evidence of the amended record. In view of the action of the commissioners at this special meeting July 3, and the testimony of the president of the board, we think it satisfactorily appeared that the meeting was held the first Tuesday in September. Because the town clerk testified first that the meeting was not held and later testified it was held did not warrant the court in denying the leave to amend on the ground that the evidence offered in support of the motion was not sufficient. It could easily be that when the town clerk testified the first time he had forgotten about the meeting being held. He had neglected to make any record of it and for that reason may have been unable to remember it until his memory was later refreshed. It seems clear the certificate of levy required to be made at the meeting held the first Tuesday in September was made on that day. It bears date September 1, which was the first Tuesday, is signed by all the commissioners and was filed with the county clerk the day it bears date. This, together with the other testimony referred to, is a sufficiently clear and satisfactory showing to entitle appellant to amend the record, and the amendment presented with the motion for leave to amend was sufficient to entitle appellant to judgment.

The judgment of the county court is reversed and the cause remanded, with directions to permit the amendment and the introduction in evidence of the record as amended, and to render judgment for the appellant for the tax in controversy. *Reversed and remanded, with directions.*