(No. 12428.—Reversed in part and remanded.)

THE PEOPLE *ex rel.* Henry Stuckart, County Collector, Appellee, *vs.* THE CHICAGO AND ALTON RAILWAY COMPANY, Appellant.

*Opinion filed October 27, 1919.*

1. TAXES—*when appropriation of tuberculosis sanitarium fund should be divided in ordinance.* Under the provisions of the Cities and Villages act requiring that the appropriation ordinance and the tax levy ordinance shall specify the objects for which the appropriation is made and the amount appropriated for each purpose, an appropriation under the act of 1917 for public tuberculosis sanitariums should not include in one sum "the amount necessary to erect buildings, improve grounds, install equipment and cover all expenses of maintenance and operation."

2. SAME—*county clerk may extend levy of city tax to include amount necessary for playground purposes under the amendment of 1917.* Where the amount appropriated for playground purposes, when added to the levies for other corporate purposes, makes a larger amount than can be produced by the permissible rate, under the amendment to the Revenue act the county clerk may extend a rate sufficient to include the playground fund, as the additional rate allowed for such purpose is not a special tax but simply extends the minimum, so that there may be an addition to the general corporate tax sufficient to take care of the playgrounds.

3. SAME—*section 9 of Police Pension Fund act, as amended in 1917, is not retrospective.* The amendment of 1917 to section 9 of the Police Pension Fund act, authorizing the city of Chicago to levy a tax not exceeding nine-tenths of a mill on the dollar, is not retrospective in its operation and does not authorize such a tax to be levied in February, 1917, in excess of the then existing rate.

4. SAME—*county clerk in extending tax is limited to tax levy ordinance.* The county clerk in extending a city tax must get his information from the tax levy ordinance certified and filed in his office by the city clerk, and he has no right to consider information which the city comptroller may have as to the amount of money in the bond fund derived from prior levies, as such information can be used only by the city council in making subsequent levies.

5. SAME—*corporate authorities have discretionary power in estimating amount of taxes required each year.* As it is the duty of corporate authorities to have in the treasury at all times enough money to meet all claims, said authorities may exercise discretion-

ary power in estimating the amount of taxes required each year, and the courts will not interfere except to prevent a clear abuse of such power or where the amount levied is so grossly excessive as to show a fraudulent purpose.

6. SAME—*burden is on the objector.* The presumption is that all public officials having connection with the taxes have properly discharged their duties as to levying the same, and the burden rests upon the objector to prove the invalidity of the levy objected to.

7. SAME—*the trial court's rulings in sustaining objections to separate items cannot be questioned by cross-errors.* Where a tax-payer has appealed from a judgment of the county court overruling his objections to certain items in a city tax levy, the county collector, by filing cross-errors, cannot raise the question as to the correctness of the trial court's rulings in sustaining objections to certain other items which are separate and distinct from the items involved in the appeal.

8. STATUTES—*an act will not be given retrospective effect unless such intention is clearly shown.* An act of the legislature will not be given a retrospective effect unless the intention of the legislature to give it such effect is clearly shown.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

LANDON & HOLT, and ELLIS & LEWIS, (WILLIAM F. STRUCKMANN, of counsel,) for appellant.

MACLAY HOYNE, State's Attorney, (SAMUEL A. ETTELSON, Corporation Counsel, CHARLES C. CASE, and LEON HORNSTEIN, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant, the Chicago and Alton Railway Company, a tax-payer of the city of Chicago and the county of Cook, in Illinois, as defendant in an application by the county collector of said county for judgment and order of sale for unpaid taxes for 1917, filed objections to the following items of city tax: The total levy for the tuberculosis sanitarium

fund, the municipal employees' pension fund and the playgrounds fund, and a part of the levy for the firemen's pension fund, the police pension fund and the bond fund. The court sustained the objections to the firemen's pension fund and the municipal employees' pension fund and refused judgment for those items and overruled the objections to the other items. Objections were filed to the nonhigh-school district tax, and these objections were overruled by the court. Judgment and order of sale were entered for those taxes to which objections had been overruled. An appeal has been taken to this court by the Chicago and Alton Railway Company to review the judgment of the county court of Cook county in overruling its objections.

Appellant contends that all the municipal tuberculosis sanitarium fund tax is invalid for the reason that neither the appropriation ordinance nor the tax levy ordinance of the city of Chicago specifies the objects and purposes for which the appropriation is made and the amount appropriated for each object and purpose. The specification in the ordinance to which objection is made is "for the amount necessary to erect buildings, improve grounds, install equipment and cover all expenses of maintenance and operation and care of persons throughout the city afflicted with tuberculosis, $994,000; estimated loss and cost of collection, $84,000." Section 2 of article 7 of the Cities and Villages act provides that in the annual appropriation ordinance the cities shall specify the objects and purposes for which appropriations are made and the amount appropriated for each object or purpose, and section 1 of article 8 makes similar provisions with respect to the tax levy ordinance. Under the act which enables cities and villages to establish and maintain public tuberculosis sanitariums, (Hurd's Stat. 1917, p. 544,) broad and extended powers are given. The city has authority to erect a public sanitarium and auxiliary branches, dispensaries and other institutions. In addition to erecting and maintaining these buildings the city is au-

thorized to extend the benefits and privileges into private homes. Doctors and nurses may be employed and all of the expenses incident to treating the patient afflicted with this disease may be incurred. Manifestly, many objects and purposes are included in the single specification in the appropriation ordinance. It has been repeatedly held by this court that the language used in the Cities and Villages act with respect to appropriations prohibits such a general specification as is here used. It is clear that this appropriation could easily have been divided into four divisions,—the amount necessary to erect buildings, the amount necessary to install equipment, the amount necessary to maintain and operate the buildings for the year, and the amount necessary to pay the salaries and wages of the doctors, nurses and attendants. The objection to this item should have been sustained. In support of our conclusion we cite the following cases, where reasons are given for the holding: *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 231 Ill. 209; *People* v. *Bowman,* 253 id. 234; *People* v. *Vogt,* 262 id. 170; *People* v. *Ross,* 272 id. 63. In *People* v. *Klee,* 282 Ill. 440, we said that the heading of an item by the words "building purposes" clearly indicated that at least a part of the item was levied for erecting buildings. We there held that if the erecting of buildings was contemplated, the amount to be expended was ascertainable and that the tax-payer was entitled to know this amount and to know the building and its use. Otherwise this million dollar fund might be dissipated in salaries and no permanent buildings be left at the end of the year to show for the money expended.

The city council in its annual appropriation ordinance for 1917 appropriated $103,172 for salaries and wages for playground purposes, and $5000 for the construction of playground buildings, wading pools and shelters. This amount, together with the levies made for other corporate purposes, created a larger amount than could have been

produced by a rate of $1.10 on each $100 of the assessed value of taxable property of the city of Chicago. By an amendment to the revenue laws (Laws of 1917, pp. 663, 669,) the rate permissible at the time the tax was extended was $1.10 on each $100 assessed valuation, "and in addition thereto a rate not to exceed five cents on each $100 of assessed value as will produce the amount of the annual appropriation of such cities and villages for playground purposes." In order to produce the $108,172 appropriated for playground purposes in addition to the levy for other corporate purposes, the county clerk extended the rate of $1.1102. The words quoted clearly indicate that it was the intention of the legislature to increase the minimum for general corporate purposes. This act does not authorize a special tax to be levied for playgrounds but it simply extends the minimum, so that there may be an addition to the general corporate tax sufficient to take care of the playgrounds. The court properly overruled the objection to this tax.

The objection to the police pension fund tax involves the construction of section 9 of the act creating a police pension fund, as amended June 14, 1917. (Laws of 1917, p. 274.) This amendment authorizes Chicago to levy a tax not exceeding nine-tenths of a mill on the dollar. Prior to 1917 the amount was restricted to seven-tenths of a mill. (Laws of 1915, p. 304.) The amount levied by the city in February, 1917, requires a rate of $.0716, or $.0016 more than the amount authorized by the act of 1915,—the law then in effect. Appellant contends that the amendment is inoperative as to the tax of 1917 on the theory that statutes are intended to operate *in futuro.* The law is well settled that an act of the legislature will not be given a retrospective effect unless the intention of the legislature to give it such effect is clearly shown. In *People* v. *Deutsche Gemeinde,* 249 Ill. 132, we said: "Statutes are not to be given a retrospective operation, even where the General Assembly might right-

fully give them such operation, unless the intention to do so is clearly expressed. No rule of interpretation is better settled than that no statute will be allowed a retrospective operation unless the will of the General Assembly is declared in terms so plain and positive as to admit of no doubt that such was the intention. Retrospective laws, although they may be valid, are looked upon with disfavor, and an intention that laws shall have such operation will not be supposed unless manifested by the most clear and unequivocal expressions." A careful reading of the amendment of 1917 discloses no intention whatsoever upon the part of the General Assembly that such amendment should operate retrospectively, and in the absence of such intention, clearly expressed, such act will be held to operate prospectively. The lower court erred in not sustaining the objection of appellant to that portion of the police pension fund tax in excess of seven-tenths of a mill on the dollar.

The tax levy ordinance for the year 1917 fixed as the sum to be raised to discharge principal and interest on bonds, $5,382,863, and to cover loss and cost of collection of the same, $269,134.15. Appellant contends that this amount should have been reduced by moneys in the bond fund obtained from prior levies. Appellee contends that when the levy was made the amount of salvage from prior levies could not be ascertained, and could not, therefore, be taken into consideration. The county clerk in extending the tax must get his information from the tax levy ordinance certified and filed in his office by the city clerk, and though at the time tax was extended the city comptroller may have known the amount of money in the bond fund derived from prior levies, the county clerk had no right to consider such information. (*People* v. *Sandberg Co.* 282 Ill. 245.) The information could only be used by the city council in making subsequent levies. It appears this was done in 1918. In *People* v. *Sandberg Co.* 277 Ill. 567, we held that it was the duty of the public authorities to use

sound business judgment on the question of estimating the amount of taxes required each year. It is their duty to have in the treasury at all times enough money to meet all claims upon it, and the court will not interfere with the decision of the public authorities on that question except when it is necessary to prevent a clear abuse by such officials of their discretionary powers. The burden rests upon the objector to sustain his objection to a tax. The presumption is that all public officials having connection with the taxes have properly discharged their duties as to levying the same. The mere circumstance that in estimating in advance the amount that may be necessary for any purpose a larger amount is levied than that actually required is no reason why a tax-payer should refuse to pay his taxes unless the amount levied is so grossly excessive as to show a fraudulent purpose in making the levy. Appellant has made no such showing in this case and the court properly overruled objections to this item of tax.

The objections made by appellant to the non-high-school district tax have been considered in *People* v. *Chicago and Northwestern Railway Co.* 286 Ill. 384, and *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 288 id. 70, and for the reasons there given we hold that the court properly overruled objections to this tax.

Appellee has filed cross-errors to the ruling of the court in sustaining appellant's objections to the firemen's pension fund and to the municipal employees' pension fund. These items are entirely independent and distinct from the items heretofore considered. The judgment as to the different items is, in effect, a distinct judgment as to each item. An appeal may be taken from one item without in any manner affecting the record as to the other distinct item, the decision as to one item having no influence or bearing on the decision as to the other items. If appellee desired to raise the question as to the correctness of the trial court's rulings on these items he should have appealed from that decision.

He cannot raise that question by cross-errors. *People* v. *Vogt, supra.*

For the reasons here given the judgment in this case is affirmed in part and reversed in part and the cause remanded for further proceedings in harmony with the views herein expressed.    *Reversed in part and remanded.*